◼ In the Matter of JAMES WETZEL, Petitioner, v NEW YORK STATE RACING & WAGERING BOARD, Respondent. — Determination unanimously annulled and petition granted, with costs. Memorandum: In this CPLR article 78 proceeding, petitioner contends that the determination of the New York State Racing and Wagering Board suspending his license as a harness racing trainer is not supported by substantial evidence. The Board held petitioner responsible under 9 NYCRR 4120.4 after postrace tests revealed the presence of a restricted drug in the system of one of his horses. Proof at the suspension hearing demonstrates that petitioner frequently administered a particular brand of cough syrup to one of his horses to alleviate symptoms the animal experienced following a throat operation. When he was unable to obtain the particular brand, he requested that the horse's owner locate a substitute. The owner testified that he consulted a veterinarian who prepared a new solution. The veterinarian assured the owner that the solution contained no restricted drugs and could be administered up until race time. The owner conveyed this information to petitioner. On the night of the race in question, the owner administered the new solution to the horse, without petitioner's knowledge.

The applicable rule of the Racing Board (9 NYCRR 4120.4) provides in part: "The trainer shall be held responsible for any positive test unless he can show by substantial evidence that neither he nor any employee nor agent was responsible for the administration of the drug or other restricted substance." The rule further provides: "Every trainer must guard each horse trained by him in such manner and for such period of time prior to racing the horse so as to prevent any person whether or not employed by or connected with the owner or trainer from administering any drug or other restricted substance to such horse contrary to this Part."

The trainer cannot be held responsible under the first quoted sentence of the rule because he has shown by substantial evidence that the owner (not he, the trainer, nor any employee nor agent) was responsible for the administration of the cough syrup containing the restricted substance. Nor can he be held responsible under the second quoted sentence. We interpret the second

sentence as imposing liability upon a trainer only when his failure to guard the horse is the proximate cause of the administration of a restricted substance. Under the facts of this case the cough syrup would have been administered regardless of whether the trainer properly guarded the horse. The administration of the restricted substance was not caused by the failure to guard, but by the owner's and petitioner's reliance upon the veterinarian's assurance that the cough syrup contained no restricted substance. (Article 78 proceeding transferred by order of Supreme Court, Erie County, McGovern, J.) Present — Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.