In the Matter of GARY MOSHER, Petitioner, v NEW YORK STATE
RACING AND WAGERING BOARD, Respondent.

First Department, May 24, 1988

**APPEARANCES OF COUNSEL**

*Richard J. Schaeffer* of counsel *(Peter J. Venaglia* with him

on the brief; *Dornbush Mensch Mandelstam & Silverman,* attorneys), for petitioner.

*Abigail I. Petersen* of counsel *(Robert Abrams, Attorney-General,* attorney), for respondent.

### OPINION OF THE COURT

KUPFERMAN, J. P.

Petitioner was the trainer of Ryan's Choice, a standardbred horse which competed in the third race at Monticello Raceway on the evening of December 22, 1984. The horse finished last in an eight-horse field. A postrace urinalysis revealed the presence of the drug prednisolone.*

As a result of such finding, petitioner, by notice dated March 15, 1985, was notified by respondent New York State Racing and Wagering Board that his license to participate in racing was suspended for 60 days. When he appealed such ruling, his suspension was stayed and a hearing was held, on December 9, 1985, before a Hearing Officer designated by the Board at which the parties stipulated to the foregoing facts. At the conclusion of the hearing, the Hearing Officer, in his report dated February 28, 1986, found that the Board had adequately established that petitioner had violated its rules in that the drug prednisolone had been administered to Ryan's Choice within 48 hours prior to post time of the scheduled races on December 22, 1984. In its order, dated March 6, 1986, the Board adopted the report of the Hearing Officer and confirmed the original 60-day suspension. This CPLR article 78 proceeding ensued and was transferred to this court by order of the Supreme Court, New York County (Stanley Parness, J.), entered December 22, 1986.

Pursuant to 9 NYCRR 4120.2 (c), prednisolone may not be administered within 48 hours of the start of a racing program and it shall be part of a trainer's responsibility to prevent such administration. The so-called "trainer responsibility rule" (9 NYCRR 4120.4) holds a trainer responsible for any positive test unless he can show by substantial evidence that neither he nor any employee or agent was responsible for the administration of the drug or other restricted substance. In effect, the rule creates a presumption that a trainer has failed in his duty any time his horse tests positive, but permits him

---

* A glucocorticoid having the properties of cortisone and used to treat inflammations.

to rebut the presumption by coming forward with substantial evidence to the contrary. *(See, Matter of Casse v New York State Racing & Wagering Bd.,* 70 NY2d 589, 595.)

At the hearing, respondent's expert, Dr. George A. Maylin, was of the opinion that the prednisolone found in the postrace urine sample had been administered to Ryan's Choice within 48 hours of post time. On cross and redirect examination, however, he conceded that it was possible, but unlikely, that the drug was administered at 1:00 P.M. on December 20, 1984, approximately 55 hours prior to the race.

Petitioner then presented his veterinarian, Dr. Chris Aylesworth, who appeared pursuant to subpoena and testified that he had treated Ryan's Choice for an abscess on his withers on three occasions in November and December 1984, the last being December 20, 1984, two days before the race. On each occasion, he drained the abscess and injected prednisolone and gentamicin (an antibiotic) directly into the abscess. Dr. Aylesworth testified that he last treated the horse at approximately 1:00 P.M. on December 20, which testimony was corroborated by petitioner's employee, Ronald Lovelace, a licensed groom, who held the horse while Dr. Aylesworth treated it. Dr. Aylesworth also testified that he knew that Ryan's Choice was scheduled to race on the evening of December 22nd, and petitioner testified that the veterinarian assured him that the horse would be able to race on the 22nd since, according to the Board's rules, prednisolone could be administered up until 48 hours before the racing program.

Unlike *Matter of Casse v New York State Racing & Wagering Bd. (supra,* 70 NY2d, at 597), where the Court of Appeals found that it could not be said that the petitioner offered substantial evidence to rebut his strict responsibility for the positive results of the drug tests since neither petitioner nor his groom could explain the presence of the drug in the horse's system *(see also, Matter of Belanger v New York State Racing & Wagering Bd.,* 114 AD2d 609), petitioner here has presented substantial evidence establishing that the drug detected in the postrace test had been administered to Ryan's Choice more than 48 hours prior to the racing program on December 22nd. Moreover, it is evident that petitioner, who had a previously unblemished record, relied upon his veterinarian's assurance that the injection of prednisolone was in compliance with the Board's rules. *(See, Matter of Wetzel v New York State Racing & Wagering Bd.,* 109 AD2d 1099.)

Accordingly, the petition should be granted and respondent's determination, dated March 6, 1986, should be annulled, without costs.

Ross, Kassal, Rosenberger and Smith, JJ., concur.

Determination of respondent dated March 6, 1986, unanimously annulled and the petition granted, without costs and without disbursements.