■ In the Matter of ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Appellants, v ELEANOR SLOCUM, as Operator of Maple Lawn Nursing Home, Respondent. — Order unanimously reversed, without costs, and application denied. Memorandum: Robert P. Whalen, M.D., as Commissioner of Health of the State of New York, and Richard A. Berman, Director of the Office of Health Systems Management (appellants), appeal from an order of the Supreme Court, Onondaga County, which granted the application of respondent, Eleanor Slocum, operator of the Maple Lawn Nursing Home, to disqualify the designated hearing officer at a scheduled administrative hearing concerning alleged violations of the Public Health Law. The order appealed from, insofar as it granted respondent's application that Francis P. Mulderry be disqualified from acting as the hearing officer in the pending administrative proceeding and further ordered the method in which a new hearing officer was to be selected, is reversed. The sole basis for seeking disqualification was the bare conclusion in respondent's attorney's affidavit alleging that inasmuch as "Mr. Mulderry is a full-time employee of the Department of Health," he "does not qualify as an unbiased decision maker". Not only is this assertion unsupported in the record by any factual allegation based on personal knowledge, but, more fundamentally, the application to Special Term prior to hearing and decision was premature. The Commissioner of Health has the power to designate any person to conduct formal hearings (Public Health Law, § 12-a). He is also empowered to deputize in writing any officer or employee of the department to perform any act in his place and stead (Public Health Law, § 206, subd 8). Further, section 303 of the State Administrative Procedure Act invests in the agency complete authority

to conduct hearings, to select its own presiding officers, and requires those presiding officers to be members of the agency staff as well. If, after a hearing and determination, a party believes the hearing officer has been guilty of bias, he may present his claim for review in a CPLR article 78 proceeding. He must first exhaust his administrative remedies, however, and seek review on the record of the administrative hearing *(Matter of Kaney v New York State Civ. Serv. Comm., 190 Misc 944, affd 273 App Div 1054, affd 298 NY 707; People ex rel. Jones v Sherman, 66 App Div 231).* (Appeal from order of Onondaga Supreme Court, J. O'C. Conway, J. — hearing — violation Public Health Law.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.