OPINION OF THE COURT
Irving Kirschenbaum, J.
This is a CPLR article 78 proceeding instituted by petitioner New York Public Interest Research Group (NYPIRG) seeking an order enjoining respondent New York State Department of Environmental Conservation (DEC) from conducting a public hearing on the application of Signal Environmental Systems, Inc. for permits to construct and operate a garbage burning plant at the Brooklyn Navy Yard in New York City. Petitioner alleges that the hearings as contemplated are "tainted by a conflict of interest” on the part of the designated Administrative Law Judge.
The proposal made by Signal Environmental Systems, Inc. to construct a 3,000-ton per day resource recovery facility for the New York City Department of Sanitation is contingent upon the issuance of several permits. Prior to granting these permits, the Department of Environmental Conservation will conduct an adjudicatory public hearing over which an Administrative Law Judge (ALJ) will preside. DEC has designated Jeffrey C. Cohen, an attorney with "expertise in a variety of energy, environmental, utility, and related regulatory matters” to act as ALJ in this proceeding. DEC contends that since only two of its staff AU’s are attorneys and since they are "too overcommitted to undertake the time-consuming hearing on the Facility”, it was more practical to contract with Mr. Cohen than to delay the proceeding. It therefore entered into a contract with the Energy Resources Development Corporation (ERDC), of which Mr. Cohen is president, for Mr. Cohen’s services. In a separate agreement, Signal agreed to reimburse DEC, as part of the hearing costs, for Mr. Cohen’s fee. Under the terms of both agreements, Mr. Cohen will earn an hourly rate for serving as AU and ERDC will be paid an hourly rate for technical services rendered. The total compensation, as stipulated, may not exceed $63,000, unless an agreement for additional compensation is made.
*118 NYPIRG has sought, and been denied, party status at the hearing. It has brought this proceeding alleging that the contractual arrangements between Mr. Cohen and DEC, and DEC and Signal, in which Mr. Cohen’s fee will be indirectly paid by Signal, suggest " 'a possible temptation to an average man sitting as a judge to try the case with bias’ ” (Gibson v Berryhill, 411 US 564, 571 [1973]). NYPIRG claims that "a judge whose company is receiving such vast sums from payments made by the party who has the most to gain by a positive decision might become predisposed to giving that party a more favorable ruling.” NYPIRG further alleges that "the potential temptation goes well beyond the fact that the ALJ is receiving monies for his salary from the applicant [for] [hjere, the applicant will be entitled to a return of its expenses, including the ALJ’s salary, in the case of a rejection of the Applicant’s application.” NYPIRG’s contention thus is that "[f]or a company like [ERDC], which has a vested financial interest in continuing to service the DEC, a denial of an application which could cost the DEC up to $63,000, could seriously jeopardize the possibility of DEC signing any future contracts with it.” This, NYPIRG argues, "goes beyond an 'indication of possible temptation’ [as] there is a conflict of interest here which suggests a probability of bias.”
DEC counters NYPIRG’s allegations of impropriety by stating that the designation of Mr. Cohen as AU and DEC’s agreement with Signal for reimbursement are both in accordance with the Environmental Conservation Law and DEC regulations, and that therefore "[n]either action violates DEC’s duty or ability to conduct a fair hearing on the Facility.” DEC contends that Signal was in no way engaged in the designation of Mr. Cohen as ALJ and that neither Mr. Cohen nor the ERDC has any "known pecuniary or business interest in any matter relating to Signal or to the Facility, nor do they have any known interest in the outcome of the hearing.” Furthermore, Signal’s agreement to reimburse DEC for Mr. Cohen’s services is entirely separate from DEC’s contract with Cohen, DEC states. Finally, DEC alleges that "[c]ontrary to NYPIRG’s allegation, Signal is not entitled to a return of its payments should DEC deny its permit application [for] [nothing in the ECL authorizes DEC to reimburse applicants for the costs of permit hearings.” DEC also notes that it is the Commissioner of DEC rather than Mr. Cohen who will make the final determination "based on the entire record, not just the hearing report”.
*119 The court finds that the facts in this case and the relevant statutory language support NYPIRG’s claim that a conflict of interest exists. The applicable regulations of the State of New York provide that applicants, such as Signal, "shall pay for the cost of: physical accommodations, if not held in department facilities; publishing any required notices; and any necessary stenographic transcriptions.” (6 NYCRR 624.14.) Nowhere does it or the Environmental Conservation Law provide that compensation of the AU shall be paid by the applicant. Indeed, to so require could create inequities in treatment of applicants. In a situation in which one applicant can pay for an expert whose fee is $63,000 and another applicant must await the time when a DEC-AU can hear his case, preferential treatment is clearly being afforded to the applicant who is able to pay. In a letter to DEC, Signal’s attorney wrote that Signal was "most desirous of expeditious processing of the applications for these permits [and that t]o this end * * * requests] that the permit applicants for this important New York City project receive the highest priority in your Department and that the processing of these applications be expedited.” In order that his client’s application be granted highest priority, the attorney further states that Signal "is prepared to bear the full costs of the hearing officer” assuming that an outside expert is chosen. The DEC accepted this "offer” without signing a contract with Signal, and proceeded to retain the services of Mr. Cohen when it became clear that Signal would provide a source of funds to pay for his services. As the Appellate Division, Fourth Department, noted in Matter of Whalen v Slocum (84 AD2d 956, 956-957), "section 303 of the State Administrative Procedure Act invests in the agency complete authority to conduct hearings, to select its own presiding officers, and requires those presiding officers to be members of the agency staff as well. ” (Emphasis added.) Thus, in most situations, the presiding officer at a hearing will be a salaried employee of the agency who has no interest in the outcome of the hearing. The court finds that in a situation such as this where the AU knows that he is receiving a substantial sum of money only because an anxious and wealthy applicant has offered to pay it, a conflict of interest does, as petitioner alleges, exist.
Respondent relies on statutory implications which the court does not recognize regarding the ability of some applicants to offer to pay the fee of an AU. The only implication that the court does acknowledge is that in most instances, "[t]here *120 shall be no charge for the services of the ALJ designated by the commissioner to conduct the hearing” (6 NYCRR 624.14). Therefore, the court cannot sanction a scheme whereby he whose rights are being determined is paying the person making the determination. At the very least the situation at hand presents an appearance of impropriety and involves the potential for a conflict of interest.
For the foregoing reasons, the petition is granted, and any further sessions of the hearing are enjoined.
The granting of this petition should not be interpreted to prohibit the DEC from retaining an independent person to serve as the ALJ in this matter or in any other complex matter, nor should the DEC be prohibited from contracting with such an expert to pay compensation for services rendered. However, neither Signal nor any other applicant should be permitted to pay for the expenses of an ALJ, either directly or indirectly. Also, any outside person retained by the DEC to serve as an ALJ should have no financial or business affiliation with the DEC or the State of New York.