D. T., Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants.

Memorandum: While the issue presented on this appeal may have become moot, the significance of the issue and the frequency of its recurrence require that we address it in order to prevent repetition of the practice involved *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Special Term erred as a matter of law in granting a writ

prohibiting a scheduled administrative hearing. The courts have consistently held that a writ of prohibition should not issue to challenge a nonfinal ruling of an Administrative Hearing Officer *(see, John P. v Axelrod,* 105 AD2d 1061; *Matter of Whalen v Slocum,* 84 AD2d 956). "Prohibition is an extraordinary remedy to be invoked only where a clear right to relief is established and the action taken or threatened is clearly without jurisdiction or in excess of jurisdiction" *(Matter of Rainka v Whalen,* 73 AD2d 731, 732, *affd* 51 NY2d 973; *Matter of Bloom v Clyne,* 69 AD2d 956). Here the Hearing Officer did not exceed his jurisdiction in refusing to grant an adjournment and his determination is not subject to review until after a final determination has been rendered *(see, Matter of State of New York v King,* 36 NY2d 59). (Appeal from order and judgment of Supreme Court, Erie County, Flaherty, J.—art 78.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.