■ In the Matter of DANIEL SMITH, Petitioner, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF KINGSTON, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of respondent which terminated petitioner's employment.

On or about February 13, 1985, petitioner was charged with misconduct in the performance of his duties as head custodian for the Kingston School District. The charges provided, *inter alia,* that: "on Saturday, February 9, at approximately 4:15 in the afternoon you were found by officers of the Kingston Police Department to be asleep in room 008 at Kingston High School." The hearing officer found petitioner guilty of this charge and, as punishment for this misconduct, the hearing officer recommended a reduction of grade and title. In due course, respondent adopted the hearing officer's findings of fact; however, respondent found that petitioner should be discharged. Petitioner then commenced this CPLR article 78 proceeding which was transferred to this court.

A review of the record provides substantial evidence to support respondent's finding that petitioner was guilty of sleeping while on duty *(see, Matter of Di Maria v Ross,* 52 NY2d 771). Petitioner was one of two head custodians at Kingston High School and testified that he normally worked from 3:00 P.M. to 11:00 P.M. On Saturday, February 9, 1985, due to special events being scheduled to take place at the school, petitioner was supposed to work at 8:00 A.M. and fellow head custodian Gilbert Williams was to begin work at 3:00

P.M. However, according to the testimony of Williams, at petitioner's request, the two switched their work shifts on that date. Further, two police officers testified that at approximately 4:41 P.M., when they entered room 008 of the high school to investigate the setting off of the school's burglar alarm system, they discovered petitioner lying down on a shop table. The police officers stated that petitioner appeared to be sleeping and they proceeded to wake petitioner up. The above provides substantial evidence to support respondent's findings.

Finally, we fail to find the penalty of dismissal shockingly disproportionate to the offense (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233-235). The determination should therefore be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.