■ New York Public Interest Research Group, Inc., by Thomas A. Wathen, as Executive Director, et al., Respondents, v Henry G. Williams, as Commissioner of the New York State Department of Environmental Conservation, et al., Appellants.—Judgment of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered August 18, 1986, which granted the petition to enjoin the Department of Environmental Conservation (DEC) from continuing certain adjudicatory hearings with respect to the application of Signal Environmental Systems, Inc., to build and operate an incinerator facility at the Brooklyn Navy Yard, upon the ground of conflict of interest, unanimously modified, on the law and the facts, to allow Signal to pay indirectly for the services of an Administrative Law Judge and to allow such Judge to have financial or business affiliation with New York State or DEC, and otherwise affirmed, without costs.

Signal Environmental Systems, Inc. (Signal) proposed to construct a 3,000-ton-per-day resource recovery facility for the New York City Department of Sanitation. Prior to fruition of this proposal, the Department of Environmental Conservation (DEC) must issue permits. To help decide whether to grant such permits, the DEC conducts an adjudicatory public hearing over which an Administrative Law Judge (ALJ) presides.

Although DEC has two attorneys on its staff who serve as ALJs, because they were otherwise engaged, and to expedite the hearing in this case, DEC designated Jeffrey Cohen as ALJ. In addition, DEC hired a company of which Mr. Cohen is president, Energy Resources Development Corporation (ERDC), to provide technical services related to the hearing. Separately, Signal agreed to pay DEC up to $63,000 for the costs incurred by DEC for the use of Mr. Cohen's services, both as ALJ and technical advisor.

New York Public Interest Research Group (NYPIRG) instituted a CPLR article 78 proceeding alleging a conflict of interest as to the ALJ because Signal would indirectly pay his fee. The Supreme Court agreed, granting the petition and forbidding Signal or any other applicant from paying for the expenses of an ALJ, either directly or indirectly. Nevertheless, the order would allow DEC to hire an independent (nonstaff) person to serve as ALJ as long as DEC paid his fee and the ALJ has no financial or business affiliation with DEC or the State of New York. We modify to allow DEC to retain an ALJ at either DEC's or Signal's expense, which ALJ may maintain financial or business affiliation with DEC or the State of New York, and we affirm the disqualification of Mr. Cohen and the order for a new hearing for reasons explained herewith.

Respondent NYPIRG argues a conflict of interest arises in this case because Signal agreed to indirectly pay the ALJ's fee. NYPIRG contends that certain State laws would allow Signal to obtain a refund of their payment should Signal lose its bid for a permit. The relevant statutes, regulations and case law make clear, however, that regardless of the outcome the ALJ will receive his fee. Once an application is complete—Signal was issued a notice of completeness—no fees will be returned to the applicant. (6 NYCRR 621.3 [b] [4].) Therefore, no conflict of interest exists because the ALJ has no interest in a particular outcome. *(See, Tumey v Ohio,* 273 US 510.) Furthermore, DEC may enter into contracts with any person who will make it more convenient for DEC to carry out its functions. (ECL 3-0301 [2] [b].) In addition, the fear expressed by NYPIRG is eviscerated by a regulation which prohibits a final decision until after the applicant pays hearing costs. (6 NYCRR 624.14 [d].) Finally, the DEC, as a State agency, has broad powers to construe the statutes and regulations it administers and should be upheld unless such construction is unreasonable or irrational. *(Matter of Howard v Wyman,* 28 NY2d 434, 438.)

Supreme Court also barred independent payment to the

ALJ because it felt that would create inequities among applicants. True, a wealthy applicant can speed the permit process and a poor applicant cannot, but in paying for an independent ALJ with no interest in the outcome, an applicant helps the overloaded DEC accomplish a task mandated by the people's elected representatives. As State law authorizes such an arrangement, this payment is legal. (State Administrative Procedure Act § 303.) Furthermore, Supreme Court erred in spontaneously declaring that no outside person hired by DEC as an ALJ shall have financial or business affiliation with DEC or the State of New York. In light of the fact that any person hired by DEC or the State must, by definition, have a financial affiliation with DEC or the State, Supreme Court's declaration is contradictory and unenforceable.

Nevertheless, Supreme Court correctly disqualified Mr. Cohen as the independent ALJ. DEC hired Mr. Cohen as ALJ and contracted with Mr. Cohen's company, ERDC, to provide technical services to the Hearing Officer, that is, to himself, to evaluate technical evidence. A combination of investigative and adjudicative functions in administrative adjudications raises a question of whether the conflict in the dual roles is "inherently incompatible with procedural due process". *(Matter of Washington County Cease v Persico,* 99 AD2d 321, 329.) Moreover, Mr. Cohen's company, ERDC, apparently advises DEC and private developers on energy projects. Therefore, Mr. Cohen might derive a benefit from his decision. Considering the important concerns raised by NYPIRG over the potential environmental hazards posed by Signal's project, the hearings must be free from any taint of conflict. This necessitates a new ALJ and new public hearings. Concur—Murphy, P. J., Kupferman, Sullivan, Asch and Ellerin, JJ. *[See,* 133 Misc 2d 116.]