OPINION OF THE COURT
Helen E. Freedman, J.
This proceeding involves the much publicized investigation of the medical treatment accorded to 18-year-old Libby Zion, daughter of New York Times journalist Sidney Zion, on March 4-5, 1984. Raymond Sherman, petitioner, was the attending physician on telephone call who admitted Ms. Zion to New York Hospital six hours prior to her tragic death.
On August 6, 1987, Dr. Sherman was charged with professional misconduct by the Office of Professional Medical Conduct of the New York State Department of Health (OPMC). He seeks to prohibit OPMC from conducting a hearing on the misconduct charges on the ground that it was inappropriate to submit allegations to a second committee after the first committee declined to charge Dr. Sherman with misconduct. He also seeks a direction that respondents provide the "additional information” which formed the basis upon which misconduct charges were presented to a second committee.
Respondents cross-move to dismiss the petition on the grounds that it fails to state a cause of action, that a writ of prohibition does not lie and that petitioner has failed to exhaust administrative remedies.
Section 230 (1) of the Public Health Law creates a State Board for Professional Medical Conduct, consisting of 18 physicians and 7 lay persons. The chairman appoints committees of the Board which consist of 2 physicians and 1 lay member to screen charges. (Public Health Law § 230 [5], [6].) Under Public Health Law § 230 (10) (a), the OPMC director is authorized to direct its counsel to prepare misconduct charges against a physician after "obtaining the concurrence” of a majority of the committee. These charges "shall state the substance of the alleged professional misconduct and shall state concisely the material facts but not the evidence by which the charges are to be proved.” (Public Health Law § 230 [10] [b].)
A hearing on the charges is conducted by a committee of the Board. (Public Health Law § 230 [10] [e].) The Public Health Law contains specific administrative procedures for the conduct of the hearing. An administrative officer is ap *767 pointed to rule on motions and objections. (Public Health Law § 230 [10] [e].) Although the committee is not bound by the rules of evidence, its conclusions must be based on a preponderance of the evidence. (Public Health Law § 230 [10] [f].) Following the hearing, the committee makes findings and conclusions concerning the charges and recommends penalties. (Public Health Law § 230 [10] [g].) The Commissioner of Health reviews the file and transfers it to the Board of Regents, with a recommendation for a final decision and order. (Public Health Law § 230 [10] [i].) The Board of Regents examines the file and issues a final determination. (Education Law § 6510-a [2].) A physician may challenge the determination in a CPLR article 78 proceeding, commenced in the Appellate Division, Third Department. (Education Law § 6510-a [4].)
The facts of this case are as follows: After 2 Vi years of investigation, on October 16, 1986, a 3-member committee determined that charges should not be preferred against Dr. Sherman but only against the 2 staif physicians directly involved with Ms. Zion’s care (Drs. Weinstein and Stone). On April 22, 1987, however, Dr. Sherman was subpoenaed for questioning by Terrance Sheehan, associate counsel of OPMC. According to Sheehan, he informed Sherman and his counsel that Sherman was not then the subject of charges but that the matter could not be considered closed because additional information could result in charges being brought against him. Dr. Sherman then refused to answer the bulk of questions at the interview. On April 30, 1987, Dr. Sherman was subpoenaed to testify at a hearing, as a hostile witness, against Drs. Weinstein and Stone.
A second committee was convened on August 6, 1987, which in turn voted to charge Dr. Sherman with professional misconduct in three areas. These charges, served on petitioner on August 11, 1987, state that the second committee’s determination was based upon "additional information”. First, petitioner is charged with gross negligence in the diagnosis and treatment of L. Z. A number of specific failures are set forth, including failure to supervise junior physicians regarding her care. Second, Dr. Sherman is charged with testifying falsely regarding his prior treatment of L. Z., his knowledge that she had been taking the substance Nardil, and her father’s request that petitioner examine L. Z. at New York Hospital. Third, petitioner is charged with practicing negligently on another occasion in treating A. L. in December 1983. OPMC *768 thereafter scheduled a hearing on these charges for August 26, 1987 which was subsequently adjourned to October 19, 1987.
First, by letter dated August 17, 1987 to OPMC and, second, at a preliminary conference with an Administrative Hearing Officer on October 7, 1987, Dr. Sherman’s counsel requested disclosure of the "new facts” which justified OPMC’s representation of petitioner’s case to a second committee. In addition, petitioner moved to dismiss the charges based on false testimony on the ground that such charges do not fall within the scope of professional misconduct defined under section 6509 of the Education Law. All requests and motions were denied by Hearing Officer Grauer.
On October 13, 1987, the court temporarily stayed the OPMC hearing pending oral argument on the motion, and on October 23, 1987, the court extended the stay pending final determination of this proceeding.
In support of its petition to enjoin the OPMC hearing, petitioner argues, drawing an analogy to Grand Jury proceedings, that OPMC lacks the power to convene a second committee to initiate professional misconduct charges against a physician where a prior committee voted not to prefer such charges. In the context of this argument, petitioner seeks to order OPMC to disclose the "additional information” provided to the second committee contending that the Hearing Officer’s decision denied him due process of law. Petitioner also contends that OPMC lacks jurisdiction to discipline a physician for giving false testimony to a committee of the Board, since that does not constitute the practice of medicine.
There is no statutory or other basis for restricting the submission of charges to a single committee. Applying petitioner’s own analogy to the common law of criminal procedure, a prosecutor was empowered to submit charges against an accused without limitation to successive Grand Juries until one voted an indictment. (See, People v Wilkins, 68 NY2d 269, 273 [1986].) The current statute still permits the District Attorney to resubmit criminal charges to a Grand Jury once after a dismissal by a prior Grand Jury if authorized by a court. (CPL 190.75 [3].) Moreover, even if there were some question concerning the propriety of submission of charges to a second committee, a judicial challenge at this stage of the proceedings would be premature.
*769 Petitioner is also seeking to appeal from the Administrative Hearing Officer’s denial of further disclosure of the "additional information” which formed the basis for the actions of the second committee. Although this court does not condone lack of due process at any stage of a proceeding and fundamental fairness requires that a person charged with acts which may jeopardize his license to practice medicine be fully apprised of the claims against him, judicial interference at this stage is inappropriate. Petitioner must first exhaust his administrative remedies with respect to all matters concerning the conduct of the hearing. The administrative remedies available to petitioner are set forth in the Public Health and Education Laws as cited above. An article 78 proceeding is appropriate after administrative remedies have been exhausted, but it is not an appropriate vehicle to challenge an interlocutory or nonfinal determination. (See, Matter of Whalen v Slocum, 84 AD2d 956 [4th Dept 1981]; Education Law § 6510-a [4].)
Furthermore, writs of prohibition are not appropriate means by which to seek collateral review of either substantive or procedural trial errors as long as there is an adequate remedy at law. The Court of Appeals has stated, "Liberal use of this extraordinary remedy * * * to achieve * * * premature appellate review of issues properly reviewable in the appellate process would serve * * * to frustrate the speedy resolution of disputes and to undermine the statutory and constitutional schemes of ordinary appellate review”. (Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]; Matter of State of New York v King, 36 NY2d 59, 62 [1975].)
With respect to petitioner’s claim that false testimony is not the type of fraudulent practice of medicine that falls within the jurisdiction of OPMC, that determination should also be made in the first instance by the Hearing Officer and administrative tribunal. The court notes that the cases cited by respondent, Matter of Wassermann v Board of Regents (11 NY2d 173 [1962]) and Matter of Lazachek v Board of Regents, (101 AD2d 639 [3d Dept 1984]), deal with falsification of reports or fraudulent testimony regarding a physician’s credentials. Those charges appear to be charges more clearly within the scope of the mandate of the Office of Professional *770 Medical Conduct than the claimed perjury here, but it is too soon to make a determination on that issue.
Accordingly, for the foregoing reasons, petitioner’s motion is denied and respondent’s cross motion to dismiss the petition is granted. The stay contained in the temporary restraining order is hereby vacated.