■ In the Matter of PAUL J. CLAFFEY, Petitioner, v COMMISSIONER OF EDUCATION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent which, *inter alia,* suspended petitioner's license to practice as a land surveyor in New York.

Petitioner, a New York licensed land surveyor since 1967, was charged in May 1984 with, *inter alia,* practicing the profession of land surveying negligently on more than one occasion. At his hearing before a panel of the State Board for Engineering and Land Surveying, petitioner, appearing *pro se,* did not deny that his surveying practices deviate from the professional standards brought out by respondent's evidence, which included testimony of land surveyors, of long standing, practicing in petitioner's locality, but argued instead that his methods were as accurate or better than customary practices and therefore not negligent; the Hearing Panel concluded otherwise. The Board of Regents adopted the Regents Review Committee's recommendation that the Hearing Panel's finding be accepted with a modification as to the sanction imposed, and respondent executed an order accordingly. Petitioner commenced this proceeding seeking nullification of respondent's determination.

Petitioner's primary substantive challenge is to the sufficiency of the evidence supporting respondent's determination. Initially, we note that the numerous credibility questions raised are for the Board of Regents to resolve *(see, Matter of Rudner v Board of Regents,* 105 AD2d 555, 556). Beyond that, petitioner, who has a most distinguished academic background, conceded that his surveying results, obtained contrary to standard practices, differed from those arrived at by his colleagues. Whether his results were uniquely correct raises only a factual dispute best resolved by the administrative experts *(see, Matter of Libra v University of State of N. Y.,* 124

AD2d 939, 940, *appeal dismissed* 69 NY2d 933, *lv denied* 70 NY2d 603). Thus, the record contains substantial evidence to support respondent's determination.

Procedurally, petitioner maintains the Hearing Panel committed various errors which denied him a fair hearing; a few merit comment. Petitioner deems it a conflict of interest that members of the Hearing Panel were also members of the professional association which referred complaints about petitioner to respondent giving rise to the charges against him. However, there is no evidence that any Panel member stood to benefit from petitioner's prosecution *(see, New York Pub. Interest Research Group v Williams,* 127 AD2d 512, 513), and, as petitioner acknowledges, the record does not reflect any bias on the part of the Hearing Panel *(see, Withrow v Larkin,* 421 US 35, 55). Similarly, no prejudice sufficient to warrant setting aside respondent's determination occurred during a brief absence of the Administrative Officer from the hearing. Although it is inadvisable to continue a hearing in the absence of that quasi-judicial officer, especially when a party is not represented by counsel, in light of the officer's limited role *(see,* Education Law § 6510 [3] [b]) and the brevity of the absence during which no apparent misconduct occurred, it was a harmless error at best. Petitioner's remaining contentions have been examined and do not indicate "any prejudice * * * so substantial as to require the setting aside of the administrative determination" *(Matter of Rudner v Board of Regents,* 105 AD2d 555, 556-557, *supra).*

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.