■ STEVEN S. ADIKA, Appellant, v RICHARD CORBISIERO, as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Jerome Hornblass, J.), entered September 8, 1988, which, *inter alia,* denied petitioner's application to annul the determination of respondent New York State Racing and Wagering Board (the Board), unanimously modified, on the law, the facts and in the exercise of discretion, to grant the petition, annul the Board's determination, and remand for a de novo hearing, without costs.

In these consolidated CPLR article 78 proceedings, petitioner seeks to annul and set aside two determinations of the Board which (1) revoked his 1987 jockey agent license, and (2) denied his application for a 1988 license. By order and decision filed September 8, 1988, the IAS court denied the petition to the extent that it challenged the determination as arbitrary and capricious, affected by an error of law, and/or made in violation of lawful procedure *(see,* CPLR 7803 [3]), and transferred the proceeding to this court for disposition on the issue of substantial evidence, as provided in CPLR 7804 (g).

Petitioner, Steve Adika, was licensed by the Board as a thoroughbred jockey agent for a number of years through and including 1987. In this capacity, it was petitioner's responsibility to arrange mounts on thoroughbred racehorses for jockeys he represented.

On March 5, 1987, the Board brought administrative charges against petitioner, alleging violations of Racing, Pari-Mutuel Wagering and Breeding Law § 213 (2) and 9 NYCRR 4002.9 (a); 4042.1 (a) and (f). Specifically, petitioner was alleged to have (1) attempted, in October 1986, to bribe an employee of a satellite transmission company to obtain access to coded racing transmissions of the New York Racing Association, Inc. (NYRA); (2) unlawfully possessed and used an Oak Orion decoder, prior to October 1986; (3) unlawfully possessed and

attempted to use a B-Mac decoder in August 1986; and (4) lied, misrepresented and concealed the fact that he had obtained and possessed an Australian B-Mac decoder when the Board commenced an investigation into his actions.

An administrative hearing was conducted on April 10, May 13, and May 24, 1987, and on January 29, 1988, Hearing Officer David Vaughan issued his report and recommendation to the Board, concluding that petitioner had committed the acts charged, and recommending that his license be revoked. On March 2, 1988, the Board issued its findings and order in accordance therewith, and revoked petitioner's 1987 license.

By petitions filed on March 3, 1988 and July 15, 1988, petitioner respectively challenged the revocation of his 1987 license and the refusal of his application for a 1988 license. The petitions were consolidated by the IAS court, which held that the Board acted reasonably in finding petitioner's conduct fraudulent within the meaning of Racing, Pari-Mutuel Wagering and Breeding Law § 213 (2) and 9 NYCRR 4002.9 (a) and 4042.1 (f), and that it did not abuse its discretion in revoking petitioner's license or in refusing to issue him another. We modify to the extent of granting the petition, annulling the determination of the Board, and remanding for a de novo hearing before an impartial adjudicator.

Petitioner argues, and respondents do not dispute, that David Vaughan, the Hearing Officer who presided over petitioner's hearing, was counsel to the Board and, indeed, supervisor to the Board member who presented the Board's case. Although petitioner did not raise objections on this ground during the hearing, the due process concerns implicated in such a practice warrant this court's exercise of discretion to reach the issue. (See, 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4017.05, 4017.09.)

It has been held that the elements of due process, which must be observed as strictly in an administrative proceeding as during a trial (Matter of Erdman v Ingraham, 28 AD2d 5), are violated when an agency's general counsel is permitted to sit in judgment on a matter involving the very agency with which he is affiliated, for it is "beyond cavil that [a party] before an administrative agency is constitutionally entitled to unprejudiced decision making". (Matter of Washington County Cease v Persico, 99 AD2d 321, 329, affd on other grounds 64 NY2d 923; see also, New York Pub. Interest Research Group v Williams, 127 AD2d 512, 514, where this court reiterated the concern that "[a] combination of investigative and adjudicative

functions in administrative adjudications raises a question of whether the conflict in the dual roles is 'inherently incompatible with procedural due process' " [quoting *Matter of Washington County Cease v Persico, supra,* at 329] and directed new hearings before a new Administrative Law Judge.)

Accordingly, we grant the petition, annul the Board's determination, and remand for a de novo hearing before a neutral Hearing Officer. In light of this determination, we do not examine the evidence adduced at this procedurally defective hearing for the purpose of assessing whether the Board's determination is supported by substantial evidence. Concur—Murphy, P. J., Kupferman, Kassal, Wallach and Smith, JJ.