■ In the Matter of MARILYN HIRSCH, Petitioner, v RICHARD CORBISIERO, JR., as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Proceeding, brought pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Beverly Cohen, J.), entered on June 22, 1989, to review a determination of the New York State Racing and Wagering Board, Division of Thoroughbred Racing (Racing Board), dated May 31, 1989, which found that the petitioner had claimed a racing horse in the name of a managing owner, but actually claimed the horse for another person, and which imposed a 20-day suspension, is denied and dismissed, and the determination is unanimously confirmed, without costs and without disbursements.

Petitioner does not dispute the finding of the Racing Board to the effect that she claimed a horse named Accordando on August 22, 1988, at the Saratoga Race Track, in the name of Dr. Stephen Chazin. Actually, she was claiming the horse for Anthony Vaccaro. Instead, she challenges the Racing Board's determination on procedural grounds.

Annulment of the determination is not warranted on the ground that the Board's determination rests on hearsay evidence. The Court of Appeals has specifically recognized an investigating officer's report as the type of hearsay evidence that may be admitted at an administrative hearing consistently with due process *(Matter of Gray v Adduci,* 73 NY2d 741, 742). The evidence against a respondent in an administrative proceeding may consist entirely of hearsay, the legal residuum rule having been abandoned *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180, n).

The determination is not invalid because an attorney for the Racing Board served as Hearing Officer. The petitioner's failure to raise this objection at the hearing precludes review in an article 78 proceeding *(Matter of Hopkins v Blum,* 58 NY2d 1011, 1014). Furthermore, she has not presented any

evidence that the Hearing Officer stood to benefit from proceedings against her, nor has she shown any evidence of bias on the part of the Hearing Officer *(Matter of Claffey v Commissioner of Educ.,* 142 AD2d 845, 846). In this respect, *Adika v Corbisiero* (154 AD2d 299) is distinguishable. There, the record showed that the Hearing Officer was not only counsel to the Racing Board, but supervisor to the Racing Board member who presented the Board's case at that hearing. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.