■ In the Matter of Rocco VINCI, Petitioner, v RICHARD CORBISIERO, as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Racing and Wagering Board which suspended petitioner's harness driver's license for six months.

Petitioner, a licensed harness racing driver, was charged with passing wagering information to a patron at Monticello Raceway in Sullivan County on June 6, 1989, in violation of 9 NYCRR 4119.9 (a), shortly before the start of the third race. It was alleged that petitioner yelled, "Bet the four", to Gary

Haas, a patron, who then turned and walked toward the betting window which, in turn, closed before any bet could be placed. At the hearing conducted on August 4, 1989, varying accounts surfaced. Daniel Smith, a security officer at the track, and Ronald Simon, a groom, testified in conformity with the charges. Haas and his companion said that petitioner had yelled, "You fucking whore", or words to that effect. The testimony revealed that Haas had already bet the number four horse in the race before the incident. Petitioner testified that he had said, "Where is this fucking whore", in exasperation with his groom who he needed to find to replace some equipment. He denied passing wagering information to Haas. Both sides rested and the hearing was closed.

Thereafter, on May 8, 1990, the Hearing Officer reopened the hearing on his own motion over petitioner's objection. The Hearing Officer stated that he needed to elicit further information to assist him, in effect, in resolving credibility issues and in making appropriate findings and recommendations in the matter. At the second hearing, Carl Sgrizzi, an investigator for respondent Racing and Wagering Board, testified that petitioner had denied passing wagering information. No further explanation was offered by petitioner as to the events of the day, nor was any sought of him by Sgrizzi. Sgrizzi confirmed that Haas had given him the same information he had offered at the prior hearing. Merrill Yankowitz, Chief of Security at the track, testified that he heard petitioner cursing his horse. He too testified that he thought Haas told him that petitioner had said, "Son of a bitch." John Hoag, Assistant Head of Security, testified that he believed Haas stated to him that Haas did not hear petitioner say anything. Based on the foregoing, the Board found petitioner guilty of conveying betting information and suspended his harness racing license for six months. Petitioner commenced this CPLR article 78 proceeding to annul that determination.

Petitioner initially ascribes error to the Hearing Officer's decision to reopen the hearing. The Hearing Officer, as designee of the Board (9 NYCRR 5202.3), has the same authority and discretion to reopen the hearing as does the Board itself. The agency has the power to take additional evidence before a final determination of issues (see, Matter of Murray v Scully, 170 AD2d 829). Thus, we find no error in the reopening of the hearing for the purpose of further fleshing out the facts.

Petitioner also contends that the Board failed to timely render its decision. We find the Board's determination to have

been timely made. When the Board designates a Hearing Officer to conduct a hearing, it then has 30 days from the issuance of the Hearing Officer's recommendation to make a final determination. Here, the Board's decision was issued 16 days after the Hearing Officer made his report.

Petitioner next contends that the Hearing Officer's role as Hearing Officer vis-à-vis his role as a member of the counsel's office for the Board and Chief of Licensing for the Board is "a combination of investigative and adjudicative functions" that is "inherently incompatible with procedural due process" *(Matter of Washington County Cease v Persico,* 99 AD2d 321, 329, *affd* 64 NY2d 923; *see, Adika v Corbisiero,* 154 AD2d 299, *lv denied* 75 NY2d 707; *New York Pub. Interest Research Group v Williams,* 127 AD2d 512, 514). Petitioner has failed to present any evidence of bias in the record. In view thereof, we hold that a new hearing is not warranted *(see, Matter of Hirsch v Corbisiero,* 155 AD2d 325, 326, *lv denied* 75 NY2d 708).

Finally, we disagree with petitioner's contention that the determination is not supported by substantial evidence. The conflict in testimony was resolved against petitioner's interest. Credibility determinations are for the Hearing Officer to resolve *(see, Matter of Block v Ambach,* 73 NY2d 323, 335). There was sufficient evidence, if believed, to support the Hearing Officer's findings.

Casey, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.