■ In the Matter of TIMOTHY BUTLER, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Nassau County Civil Service Commission, dated July 13, 1989, removing the petitioner from a preferential eligibility list for the position of Village of Hemp-

stead Police Officer, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated January 25, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, we find that the respondents' determination that he failed to maintain his residency in the Village of Hempstead was neither arbitrary nor capricious. The record establishes that in his application to sit for the competitive examination for the position of Police Officer, the petitioner listed his residence as 208 Rhodes Avenue, Hempstead, New York. When he was notified that he had passed the examination he was given an option to select the local police department for which he wished to work. The petitioner selected the Police Department of the Village of Hempstead, as his purported residence within the Village entitled him to a preference in hiring which he would not enjoy were he not a Village resident.

During the course of a background check the Nassau County Police Department learned that the petitioner had not maintained his residency within the Village of Hempstead. Interviews with the petitioner's purported Rhodes Avenue neighbors apprised police investigators that the petitioner actually resided at 36 Dawes Avenue, Roosevelt, which residence was admittedly owned by his parents. Interviews with neighbors at this location confirmed that the petitioner had lived in Roosevelt for approximately one year. Moreover, the petitioner's brother, who himself had applied for a position as a Village of Hempstead Police Officer, in his application identified the petitioner's residence as 36 Dawes Avenue, Roosevelt, New York. The petitioner also had a telephone installed in his own name at 36 Dawes Avenue and was listed in New York Telephone Company's 1989 Nassau County Telephone Directory at that address.

The petitioner submitted conflicting evidence to support his claim that he resided in Hempstead, such as letters written by himself, his parents, his sister and her roommate, plus copies of his driver's license, W-2 forms for 1986-1988, voter registration cards for 1988 and 1989, bank checks and letters addressed to him, all indicating that he resided at 208 Rhodes Avenue, Hempstead, New York, together with his parents. The respondents, however, credited the persuasive evidence to the contrary.

Where there is conflicting evidence and room for choice exists, the courts may not weigh the evidence and reject the

choice made by the administrative agency *(see, Matter of Stork Rest. v Boland,* 282 NY 256, 267). Contrary to the petitioner's contention, the fact that the respondents' determination rested in part on hearsay statements made by certain unidentified neighbors at Dawes Avenue is not a reason to annul the determination *(see, Matter of Hirsch v Corbisiero,* 155 AD2d 325). The evidence against an individual in an administrative proceeding may consist entirely of hearsay, the legal residuum rule having been abandoned *(see, Matter of Eagle v Paterson,* 57 NY2d 831, 833; *Matter of Hirsch v Corbisiero, supra).* In any event, the evidence before the administrative decision maker, which is the only evidence this court may review on appeal, supported its determination revoking the petitioner's hiring preference and relegating him to the non-preferential county-wide list. Accordingly, as this was neither arbitrary nor capricious, the determination will not be disturbed on appeal. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.