■ In the Matter of MARY CASE, Petitioner, v SAM E. FLEMING et al., Constituting the Board of Education of the City School District of the City of Norwich, et al., Respondents.—Mahoney, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chenango County) to review a determination of the Board of Education of the City School District of the City of Norwich which, inter alia, terminated petitioner's employment.

On February 21, 1990, Robert Cleveland, Superintendent of the City School District of the City of Norwich (hereinafter the District), preferred 11 charges of misconduct and incompetence against petitioner, a long-time clerical employee. While the charges included allegations of abuse of time and leave practices, the majority thereof centered around petitioner's insubordination, belligerent attitude and refusal to take direction from her supervisor. Following a hearing held pursuant to Civil Service Law § 75, the Hearing Officer found petitioner guilty of only certain of the charges and specifications and recommended a two-month suspension without pay. Upon review, the Board of Education for the District concluded that the evidence supported findings of petitioner's guilt on certain

other charges and specifications, rejected the Hearing Officer's recommended penalty and terminated petitioner's employment. Petitioner then commenced the instant proceeding to review the determination and the matter was transferred to this Court pursuant to CPLR 7804 (g).

While petitioner raised substantial evidence issues in her petition, thus prompting transfer of the proceeding to this Court, in her brief she argues only that the penalty of termination was excessive. Accordingly, we confine our discussion to this subject alone. To that end, it is axiomatic that the appropriate inquiry in reviewing the measure or mode of penalty is whether it is so disproportionate to the offense, in light of all the circumstances, to be shocking to one's sense of fairness (see, e.g., Matter of Pell v Board of Educ., 34 NY2d 222, 233). In assessing a penalty, considerable discretion is to be accorded to the administrative agency and this is especially so in matters such as this which involve internal discipline due to " 'the complexity and sensitiveness of personnel administration in continuing intraorganizational relationships' " (Matter of Di Vito v State of New York, Dept. of Labor, 48 NY2d 761, 763, quoting Matter of Ahsaf v Nyquist, 37 NY2d 182, 185).

Based upon our review of the record we discern no abuse of discretion in the penalty set by the Board of Education. Even the most cursory reading of the hearing transcript reveals that petitioner has serious difficulties in accepting authority and in responding to her supervisor's directives. Her actions, which ranged from downright refusal to perform certain assigned tasks, the unauthorized processing of purchase orders and general failure to follow District policies and practices, to more disturbing acts such as door slamming, screaming outbursts and the writing of hostile and threatening letters to her supervisor wherein petitioner labels the supervisor as "incompetent", one who is not capable of giving petitioner direction concerning her work and likens her to "a little six year old child tattling to her mother whenever something happens that you don't like" or to a dictator, rose well beyond all bounds of acceptable conduct and continued virtually unabated for an 18-month period despite numerous warnings of potential disciplinary action. While petitioner is admittedly a longstanding employee, having in excess of 20 years' service, in our view this fact does not mitigate the seriousness of the charges or render the penalty imposed shocking to the conscience.

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ad-

judged that the determination is confirmed, without costs, and petition dismissed.