■ In the Matter of BRETT ROWLEY, Petitioner, v BOARD OF EDUCATION OF THE GLOVERSVILLE ENLARGED CITY SCHOOL DISTRICT et al., Respondents. [596 NYS2d 561] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by

order of the Supreme Court, entered in Fulton County) to review a determination of respondent Board of Education of the Gloversville Enlarged City School District which terminated petitioner's employment as a school custodian.

On or about July 8, 1991, respondent Superintendent of the Gloversville Enlarged City School District preferred two charges against petitioner alleging that petitioner had (1) failed on numerous occasions to satisfactorily perform his duties as a custodian for the School District and to improve his performance despite repeated counseling, and (2) demonstrated an attitude inconsistent with the performance of his duties. Following a hearing held pursuant to Civil Service Law § 75, the Hearing Officer dismissed two specifications of misconduct and found petitioner guilty of the remaining charges. As to the penalty, the Hearing Officer recommended that petitioner be dismissed from his employment. Respondent Board of Education of the Gloversville Enlarged City School District subsequently accepted the Hearing Officer's findings and recommendations and terminated petitioner's employment. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia,* to annul the Board of Education's determination. Supreme Court, *inter alia,* transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Our review of this matter is limited to whether the underlying determination is supported by substantial evidence in the record *(see generally, Matter of Bevacqua v Sobol,* 176 AD2d 1, 3; *Matter of Smith v Board of Educ.,* 125 AD2d 813). Here, petitioner's immediate supervisor testified as to the various deficiencies in petitioner's work, including petitioner's failure to properly clean the areas assigned to him, and petitioner's apparent inability to improve his performance after such deficiencies were called to his attention. Testimony was also received from the principal assigned to the school in which petitioner worked regarding petitioner's poor performance and attitude. Additionally, three performance evaluations were received in evidence which indicated a need for improvement in several areas, including petitioner's working relationship with his supervisor and his ability to consistently perform the duties assigned to him in a satisfactory manner. The record also reveals that petitioner was advised through numerous memoranda and direct conversations with his supervisor and the school principal of the specific deficiencies in his performance and the need to address and correct these problem areas. We therefore conclude, based upon our review of the

record as a whole, that the determination is supported by substantial evidence.

Although petitioner asserted that his dismissal was due solely to a personality conflict with his supervisor, this merely presented a credibility issue for the Hearing Officer to resolve (see generally, Matter of Vinci v Corbisiero, 174 AD2d 893, 895). Finally, we reject petitioner's claim that the penalty of dismissal was so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Case v Fleming, 189 AD2d 1070, 1071). The record plainly reveals that petitioner failed to respond to repeated requests to improve his performance.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.