■ In the Matter of EDWARD F. HOFFMAN, JR., Appellant, v VILLAGE OF SIDNEY, Respondent. [675 NYS2d 448] —Crew III, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered July 21, 1997 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for, *inter alia*, reinstatement to his former position.

On June 28, 1996, while off duty, petitioner, a police officer employed by respondent, engaged in a conversation with a Special Deputy of the Delaware County Sheriff's Department wherein he made threatening and disparaging statements directed toward, among others, the Village Police Commissioner. As a result of that incident, and of petitioner's failure to obey a directive of the Commissioner, disciplinary charges were preferred against him pursuant to Civil Service Law § 75. Specifically, petitioner was charged with, *inter alia*, threatening one or more persons, insubordination and disrespect toward a superior officer, violation of departmental rules and regulations and failure to follow a directive of the Commissioner. The aforementioned charges were substantiated following an administrative hearing and petitioner's employment was terminated on January 27, 1997. Thereafter, on March 11, 1997, petitioner filed a notice of petition and petition seeking a judgment, pursuant to CPLR article 78, annulling the determination of respondent. Supreme Court dismissed petitioner's application, prompting this appeal.

Initially, we note that Supreme Court entertained the petition not only as to the question of its timeliness but also as to the question of whether substantial evidence supported respondent's determination. Although the substantial evidence

issue should have been transferred to this Court in the first instance (*see,* CPLR 7803 [4]; 7804 [g]), inasmuch as we are empowered to treat the substantial evidence question de novo and decide the issue as if the matter had been properly transferred, we shall do so and render judgment accordingly (*see, Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840). To that end, we note that the petition addresses only the propriety of the finding that petitioner made threats to one or more persons, the propriety of the penalty assessed and his suspension without pay for more than 30 days. Accordingly, we will confine our decision to those issues, petitioner having waived the other issues raised in his brief.

With regard to petitioner's assertion that he was suspended without pay for a period in excess of 30 days contrary to the terms of Civil Service Law § 75 (3), we note that said 30-day period expired on September 18, 1996. Inasmuch as this proceeding was not commenced until March 11, 1997, Supreme Court appropriately determined that the petition was untimely in that regard (*see,* CPLR 217 [1]).

Upon our review of the record, we further find that, contrary to petitioner's contention, there is substantial evidence to support respondent's determination. The Special Deputy to whom petitioner made the threatening and disparaging remarks testified at the hearing and, further, other persons testified to the very damaging statements made by the Special Deputy concerning petitioner's threatening statements. To the extent petitioner asserts that the latter evidence constitutes hearsay, it is axiomatic that hearsay is admissible in administrative hearings and may be used to support a finding of substantial evidence (*see, Matter of Giles v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.,* 199 AD2d 613, 614). And while petitioner denied making the threats in question, this simply presented a credibility issue to be determined by the Hearing Officer (*see generally, Matter of Rowley v Board of Educ.,* 192 AD2d 814, 816). Finally, given the serious nature of the charges and petitioner's past disciplinary record, we do not find the penalty so disproportionate to the underlying offenses as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Accordingly, Supreme Court's judgment is affirmed.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.