■ In the Matter of John Torhan, Petitioner, v Anthony M. Landi et al., Respondents. [831 NYS2d 915]—Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Environmental Facilities dated December

14, 2005, which adopted the recommendation of a hearing officer, made after a hearing, finding the petitioner guilty of incompetence and misconduct, and suspended him from employment without pay for a period of 60 days.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Rooney v Deer Park Fire Dept.*, 36 AD3d 823 [2007]). Here, the determination was supported by substantial evidence at the hearing (*see Matter of Pell v Board of Educ., supra; Matter of Murray v Ilion Water Commn.*, 9 AD3d 903, 904 [2004]; *Matter of Rowley v Board of Educ. of Gloversville Enlarged City School Dist.*, 192 AD2d 814, 815-816 [1993]).

The 60-day suspension without pay does not shock one's sense of fairness (*see Matter of Pell v Board of Educ., supra* at 233-235; *Matter of Cassone v Westchester County Health Care Corp.*, 5 AD3d 764, 765 [2004]; *Matter of Sickler v Town of Hunter*, 3 AD3d 727, 728-729 [2004]; *Matter of Murray v Ilion Water Commn., supra* at 904-905). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.