■ In the Matter of ANDREW NACLERIO ASSOCIATES, INC., et al., Petitioners, v V.J. PRADHAN et al., Respondents. [845 NYS2d 409]—

Proceeding pursuant to CPLR article 78 to review a determination of the Appeal Panel of the Legislature of the County of Rockland, sued herein as V.J. Pradhan, Gerold M. Bierker, and Kenneth P. Zebrowski, dated December 8, 2005, which, after a hearing, confirmed a decision of the Home Improvement Licensing Board of the County of Rockland dated October 25, 2004, revoking, after a hearing, the license issued to Andrew Naclerio Associates, Inc.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner Andrew Naclerio (hereinafter Naclerio) is the president of Andrew Naclerio Enterprises, Inc., doing business as Astoria Gardens (hereinafter Enterprises), which obtained a license to operate a home improvement business from the Office of Consumer Protection of the County of Rockland. Naclerio thereafter obtained a second license from that agency on behalf of the petitioner Andrew Naclerio Associates, Inc., which also did business under the name of Astoria Gardens (hereinafter Associates). During the pendency of the renewal application for Associates' license, Naclerio received a written notice that the Home Improvement Licensing Board of the County of Rockland (hereinafter the Board) had scheduled a public hearing to consider the revocation and/or suspension of Associates' license because there was an outstanding judgment against Enterprises, whose license had expired. The Board determined to revoke Associates' license based on additional charges raised during the hearing. Upon a de novo hearing, the Appeal Panel of the Legislature of the County of Rockland, sued herein as V.J. Pradhan, Gerold M. Bierker, and Kenneth P. Zebrowski (hereinafter the Panel), confirmed the Board's determination, concluding that "[t]he various acts and omissions in this case, including failing to follow through on Associates' agreement with the Department of Consumer Protection for it to assume Enterprises' obligations, its refusal through Mr. Naclerio to provide documentation of any sort to the Board or the Panel, and Mr. Naclerio's insistence that he did nothing wrong, make him an unqualified candidate for licensure." We confirm the Panel's determination.

Judicial review of an administrative determination made af-

ter a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Torhan v Landi*, 39 AD3d 657 [2007]).

Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). The "concept of substantial evidence" is "related to the charge or controversy and involves a weighing of the quality and quantity of the proof . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180-181; *see also* CPLR 7803 [4]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 231).

Here, the determination to revoke the home improvement license of Associates is supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of BiCounty Brokerage S. Corp. v State of N.Y. Ins. Dept.*, 4 AD3d 470 [2004]; *Matter of Maneri v New York State Dept. of State*, 240 AD2d 748 [1997]). In its determination dated December 8, 2005, the Panel found that Naclerio's testimony was not credible and that the Board presented more than sufficient evidence for the Panel to uphold the Board's decision to revoke Associates' license to conduct business in the County. The Panel found that Naclerio was not forthright about his business dealings conducted under the name of his other business, Enterprises, or its relationship to Associates as a successor corporation. The Panel found that during the time Enterprises was in existence, Naclerio exhibited a lack of regard for a number of its suppliers and customers. One such supplier, Mohawk Materials (hereinafter Mohawk), obtained two judgments against Enterprises. The Panel found that after Mohawk made several attempts to sue, Naclerio agreed to submit Enterprises to the court's jurisdiction, but never paid the judgments. The Panel also noted that Naclerio was involved in other lawsuits commenced against Enterprises. In one case, a customer sued, and her judgment ultimately had to be satisfied

by a Sheriff's levy. The Panel stated that Enterprises was charged with and pleaded guilty to violations of Rockland County law insofar as it demanded excessive down payments from its customers, ignored the three-day right-to-cancel notice contained in its contracts, and unlawfully conducted business under a name other than that pursuant to which it was licensed. Enterprises received a reduced penalty in another matter, then failed to pay, resulting in an increase to full penalty. The Panel found that Naclerio made a deliberate attempt to change the corporation name from Enterprises to Associates only for tax or liability purposes, noting that there was nothing done to give the public notice that Associates was not the same business as Enterprises. The Panel noted that, despite numerous requests to produce financial documents for Enterprises, Naclerio never produced them, claiming that they had never been requested or that he did not possess them. The Panel also stated that Naclerio refused to answer any questions regarding Enterprises, and claimed that it was a separate entity, noting that Naclerio told the Board that Enterprises was being dissolved. However, a review of the New York State Department of State website listed it as an "active corporation." The Panel noted that a criminal complaint charged Naclerio personally with misdemeanors for deliberate nonpayment. The Panel found that, after having heard and seen the witnesses, and carefully reviewing the evidence, Naclerio was an unqualified candidate for licensure.

The petitioners' remaining contentions are without merit. Ritter, J.P., Fisher, Dillon and Dickerson, JJ., concur.