Proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town Board of Town of New Castle, dated June 6, 2007, which, in effect, adopted the report and recommendation of a hearing officer dated May 31, 2007, made after a hearing, finding the petitioner guilty of 42 specifications of misconduct, and terminated his employment as a police officer.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In July 2005 the Town of New Castle preferred a disciplinary charge with 122 specifications against the petitioner, a police officer employed by the Town of New Castle, alleging, among other things, that while on leave pursuant to General Municipal Law § 207-c he participated in activities as a volunteer firefighter which demonstrated his ability to work a light-duty assignment for the police department. The petitioner denied the charge and a hearing was held. The hearing officer determined that the petitioner was guilty of 42 specifications of misconduct. On June 6, 2007 the Town Board of Town of New Castle (hereinafter the Town Board), in effect, adopted the report and recommendation of the hearing officer and terminated the petitioner’s employment as a police officer. The petitioner commenced this CPLR article 78 proceeding, inter alia, to review that determination.
“Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence” (Matter of Andrew Naclerio Assoc., Inc. v Pradhan, 45 AD3d 585, 586-587 [2007]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]; Matter of Pell v Board of Educ. of Union Free School
*675 Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974]). Here, the Town Board’s determination that the petitioner was guilty of the specified acts of misconduct is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d atl80-181; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 230). Furthermore, “[a]n administrative penalty must be upheld unless it ‘is so disproportionate to the offense as to be shocking to one’s sense of fairness,’ thus constituting an abuse of discretion as a matter of law” (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 237). In view of the repeated and numerous acts of misconduct, and the serious nature of the acts, it cannot be concluded, “as a matter of law, that the penalty of [termination] shocks the judicial conscience” (Matter of Kreisler v New York City Tr. Auth., 2 NY3d at 776; see Matter of Rutkunas v Stout, 8 NY3d 897 [2007]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]).
Contrary to the petitioner’s argument, the disciplinary charges were timely instituted within 90 days “after the time when the facts upon which such charges [were] based [were] known” (Westchester County Police Act § 7 [L 1936, ch 104]; Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 168 [2006]). Moreover, there is substantial evidence in the record to support the hearing officer’s determination that the disciplinary charges were not preferred against the petitioner as retaliation for his commencement of a civil action against the Town and members of the police department.
The petitioner’s remaining contention is without merit. Fisher, J.P, Miller, Dillon and Eng, JJ., concur.