■ In the Matter of KIM CRAWFORD, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent.— Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent which suspended petitioner's harness driver's license.

In this CPLR article 78 proceeding, petitioner, a harness racing driver at Saratoga Raceway in Saratoga County, challenges respondent's imposition of an eight-day suspension for

his alleged violation of 9 NYCRR 4117.4, which pertinently provides:

"The following shall be deemed racing infractions: * * *

"(g) Needlessly permitting a horse to pass inside."

On January 17, 1987, petitioner drove a horse named "Dovers Bret" in the sixth race at Saratoga Raceway. As the field passed the three-quarter pole on the backstretch, Dovers Bret was leading and racing near the rail. Shortly thereafter Dovers Bret moved away from the rail, permitting a horse named "Shay Go" to pass on the inside and win the race. Dovers Bret finished last. The racing judges who observed the race decided to investigate, and they examined the video tape.

Petitioner contended that Shay Go had gone "over the rail" while passing him and that this act of "leaving the course" should have resulted in Shay Go's disqualification and was not the fault of petitioner. The rail is described as the inner boundary of the racing oval, consisting of a series of concrete blocks raised about 4 to 6 inches above the racing surface with spaces between the blocks. Drivers are permitted to touch and even place their inside wheel atop the rail, but disqualification results if the wheel goes over and beyond the rail. A review of the video tape resulted in the judges' finding that Shay Go did not go over the rail. The driver of that horse stated that petitioner had left him ample room to pass on the inside and remain on the track. The video demonstrated no bumps or dips which would have indicated that Shay Go's sulky had left the course.

Petitioner appealed to respondent and a hearing was held, which resulted in a determination wherein the above-described facts that disagreed with petitioner's claim were credited. Since substantial evidence supports respondent's determination that petitioner violated 9 NYCRR 4117.4 (g), further judicial inquiry is ended.

Petitioner also argues that respondent's policy of reducing the length of suspension of drivers who waive their right to a hearing violates due process in penalizing him for availing himself of his constitutional right to a hearing on the charges of his violation. On a prior appeal, we held that respondent's offer to reduce petitioner's eight-day suspension to five days comported with due process (Matter of Crawford v New York State Racing & Wagering Bd., 100 AD2d 653), and we decline to reconsider our prior decision (see, People v Hobson, 39 NY2d 479, 489; Matter of Belanger v New York State Racing & Wagering Bd., 114 AD2d 609, 610). The determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.