OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be reversed, with costs, respondent’s determination reinstated and the petition dismissed.
 

 Petitioner was the trainer of Ryan’s Choice, a standardbred horse that competed in the third race at Monticello Raceway on the evening of December 22, 1984. A postrace urinalysis performed upon the horse revealed the presence of the drug prednisolone, the administration of which is prohibited within 48 hours of race time
 
 (see,
 
 9 NYCRR 4120.2 [c]). As a result of such finding, respondent New York State Racing & Wagering Board notified petitioner that his license to participate in racing was suspended for 60 days. The notice of suspension invoked rule 4120.2 and former rule 4120.4 (recodified as 9 NYCRR 4034.4), also known as the "trainer’s responsibility rule” which makes the trainer of a race horse liable for the impermissible presence of a restricted substance in a horse’s system unless the trainer can show by substantial evidence that he was not responsible.
 

 A hearing upon the charges was held on December 9, 1985. The parties stipulated to the fact that petitioner was the trainer of Ryan’s Choice and to the urinalysis procedure followed in this case. Thus, the sole remaining issue was how long before the race the prohibited drug had been administered to the horse. The Board’s expert witness, Dr. George Maylin, testified that in his opinion the drug had been administered within 48 hours of post time. Although Dr. Maylin acknowledged, upon cross-examination, that it was "possible” (though "not likely”) that the prednisolone could have been injected 55 hours prior to post time, he stood by his opinion that the drug had been administered within 48 hours before the race. Petitioner and two witnesses — the horse’s veterinarian and groom — testified that the last administration of prednisoloné occurred approximately 55 hours before the race.
 

 The Hearing Officer then determined that petitioner had violated the Board’s rules; he accepted Dr. Maylin’s opinion, and found nothing in the record to disprove administration of the prednisolone within the proscribed time. The Board adopted the Hearing Officer’s report and confirmed the original 60-day suspension. Upon commencement of the present
 
 *690
 
 article 78 proceeding, Supreme Court transferred the proceeding to the Appellate Division, which granted the petition and annulled respondent’s determination. The Appellate Division concluded that petitioner had presented substantial evidence establishing that the drug detected in the postrace test had been administered more than 48 hours prior to the race. Concluding that the Appellate Division misapplied the trainer responsibility rule, we now reverse.
 

 The rule places strict responsibility on a trainer to ensure that a horse in his or her care and custody does not receive any drug or other restricted substance within specified periods before a race.
 
 (Matter of Casse v New York State Racing & Wagering Bd.,
 
 70 NY2d 589, 594.) If the horse tests positive, the trainer is presumed responsible and is subject to penalty, including license suspension. The presumption is rebutted only when the trainer comes forward with substantial evidence that neither the trainer nor any employee or agent was responsible for administration of the drug or other restricted substance. Thus, proper application of the rule requires a reviewing court first to determine whether there is substantial evidence of a positive drug test within the proscribed period. Such evidence triggers a presumption of the trainer’s responsibility. The reviewing court then must inquire whether the trainer has rebutted this presumption by substantial evidence.
 

 Here, the State’s witness testified that, in his opinion, the prednisolone had been administered to Ryan’s Choice within 48 hours of the race; that testimony gave rise to a presumption that the trainer was responsible for the violation. Petitioner’s proof that prednisolone was administered to the horse 55 hours prior to the race did not rebut the State’s substantial evidence of drug administration within the critical time period or the presumption of the trainer’s responsibility for that infraction. Petitioner offered no proof that the horse was not in his care, control or custody during the critical period
 
 (cf., Wetzel v New York State Racing & Wagering Bd.,
 
 109 AD2d 1099). Accordingly, petitioner failed to rebut the presumption that he, as the horse’s trainer, was responsible for the impermissible presence of prednisolone.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Judgment reversed, etc.