■ In the Matter of ADRIAN DEVAUX, JR., Respondent, v NEW YORK STATE RACING AND WAGERING BOARD, Appellant.— Casey, J.

On March 13, 1985, a postrace urine sample taken from a horse trained by petitioner tested positive for a prohibited drug and respondent issued a notice of 60-day suspension to petitioner. The suspension was stayed pending a final determination. By letter dated April 1, 1985, petitioner's attorney requested that the remaining portion of the urine sample be sent to a laboratory in Pennsylvania for independent testing. A letter from the office of respondent's counsel to the director of Equine Drug Testing and Research Program at Cornell University, dated April 4, 1985, requested that the sample be sent to Dalare Associates, Inc., a laboratory in Philadelphia. In May 1985, petitioner's attorney informed respondent that he had not received any test results from Dalare and, in early July 1985, further investigation by an assistant counsel to respondent revealed that, due to "inadvertent clerical error", the sample had not been shipped from the facility at Cornell. Upon receipt of the sample in mid-July, Dalare reported that the sample had aged and deteriorated in storage to the point where it could not be accurately tested. Thereafter, a hearing was held at which the initial test results of the urine sample were admitted into evidence, over petitioner's objection. Based upon this evidence, respondent found that a horse trained by

petitioner had tested positive for a prohibited drug and his license to participate in racing was suspended for 60 days.

Petitioner then commenced this CPLR article 78 proceeding to annul respondent's determination, contending that the delay in forwarding the urine sample for independent testing had effectively deprived him of his only defense to the charge and thus denied him due process. Supreme Court agreed with petitioner and annulled the determination. This appeal ensued.

It is not disputed that petitioner has a property interest in his license sufficient to invoke the requirements of due process *(see, Matter of Casse v New York State Racing & Wagering Bd.,* 70 NY2d 589, 593). We conclude, however, that where, as here, respondent preserved a portion of the urine sample and acted promptly upon petitioner's request by directing the original testing laboratory to send the sample to the independent laboratory specified by petitioner, petitioner's due process rights were not violated merely because a delay in sending the sample to the independent laboratory precluded accurate testing. In *Ferguson v Meehan* (141 AD2d 604, 606), relied upon by Supreme Court, the court concluded that the administrative agency had not acted in good faith and had denied the petitioner therein due process by failing, until well after the urine specimen had been destroyed, to respond to her prompt and repeated requests for an opportunity to examine the specimen or to provide her with information that would enable her to make sure that the specimen was preserved. In the case at bar, respondent acted promptly upon petitioner's request and there is nothing in the record to suggest that the delay in transmitting the sample was other than inadvertent. In these circumstances, we conclude that the absence of bad faith precludes a finding that petitioner's due process rights were violated *(see, Arizona v Youngblood,* 488 US 51, 57), and Supreme Court's judgment must therefore be reversed.

In closing we note that petitioner's argument is premised on the theory that the urine sample was exculpatory material and that an independent test of that sample was the only defense available to petitioner. At best, however, the sample was only potentially exculpatory, and a negative test result by an independent laboratory would raise a question of fact as to the reliability of the initial testing which yielded positive results. The reliability of the initial test results could also have been challenged by questioning the methods and procedures employed in the initial taking and testing of the sample.

Since the due process objection was the only issue raised in the petition, respondent's determination must be confirmed.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur. *[See,* 141 Misc 2d 461.]