■ In the Matter of THOMAS DeBONIS, Petitioner, v RICHARD CORBISIERO, JR., as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Determination of the respondent New York State Racing and Wagering Board dated November 1, 1989, which suspended petitioner's thoroughbred trainer's license for a period of 60 days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County, William Davis, J., entered Dec. 27, 1989) is dismissed, without costs and without disbursements.

Upon review of the record, we find that there is substantial evidence to support respondent's determination that the horse "Believe the King" raced with the drug benzocaine in its system in violation of 9 NYCRR 4043.2 (e) and that, as the horse's trainer, petitioner was responsible under the "trainer responsibility rule" (9 NYCRR 4043.4). The Hearing Officer evaluated the credibility of the witnesses and credited the testimony of the inspector concerning the circumstances of the process of collecting the urine sample (see, Matter of Hopkins v Blum, 87 AD2d 613, affd 58 NY2d 1011). As no objection was raised to the introduction of the evidence pertaining to the urine sample, any alleged defects were waived (supra).

None of the arguments raised by petitioner is sufficient to rebut the presumption of responsibility under the trainer responsibility rule (Matter of Mosher v State Racing & Wagering Bd., 74 NY2d 688, 690).

While the notice of suspension did not explicitly state that petitioner was charged with a violation of the "trainer responsibility rule" (9 NYCRR 4043.4), it did state that the basis for the suspension included the administration of drugs to the horse. Furthermore, the notice of hearing did specify that section, and in addition, at the commencement of the hearing,

counsel to the Board expressly stated that the trainer responsibility rule was being applied and petitioner, who was represented by counsel, did not object. Hence, he has waived his right to raise this objection.

Nor is there a showing that petitioner was not afforded due process of law. The evidence shows that respondent acted in good faith and did not intentionally fail to preserve a sufficient sample to permit an independent test (see, Matter of DeVaux v New York State Racing & Wagering Bd., 158 AD2d 892, appeal dismissed 76 NY2d 772). Finally, petitioner waived his objection to the Hearing Officer by failing to raise such objection at the hearing (see, Matter of Hirsch v Corbisiero, 155 AD2d 325, lv denied 75 NY2d 708). Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.