■ THOMAS DeBONIS, Petitioner, v RICHARD CORBISIERO, JR., as Chairman of the New York State Racing and Wagering

Board, et al., Respondents.—Determination of the respondent New York State Racing and Wagering Board dated March 27, 1991, which suspended petitioner's thoroughbred trainer's license for a period of 90 days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Supreme Court, New York County [Herman Cahn, J.], entered May 8, 1991) is dismissed, without costs.

Petitioner does not dispute that there is substantial evidence to support respondent's determination that the horse "Peter Pine" raced with the drug methylprednisolone in its system in violation of 9 NYCRR 4043.2 (c) (10), and that, as the horse's trainer, he was responsible under 9 NYCRR 4043.4, the "trainer responsibility rule". Rather, petitioner argues that he was denied due process because respondent failed to provide a sufficient blood sample to permit an independent test. As we have held, this argument is without merit absent an allegation and proof that respondent's failure to preserve a sufficient blood sample to permit an independent test was intentional, and thus in bad faith *(Matter of DeBonis v Corbisiero,* 169 AD2d 390, *lv denied* 78 NY2d 852). Nor is there any merit to petitioner's argument that independent testing is necessary to avoid surprise. The second aspect of petitioner's due process argument—that he was deprived of a fair hearing because the Hearing Officer and respondent's prosecuting attorney were directly responsible to the same supervisor—is not supported by proof of bias on the part of the Hearing Officer *(see, Matter of Hirsch v Corbisiero,* 155 AD2d 325, *lv denied* 75 NY2d 708).

There is no merit to petitioner's argument that the 90-day suspension was imposed pursuant to a March 9, 1981 memorandum issued by respondent's Chief of Racing Operations that was invalid because not noticed and published as required by State Administrative Procedure Act §§ 202, 202-a and 203. Whereas the 1981 memorandum sets forth general penalty guidelines, respondent's authority to impose appropriate penalties is statutory in origin (Racing, Pari-Mutuel Wagering and Breeding Law § 213 [2]). Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.