■ In the Matter of MARK BECKWITH, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [631 NYS2d 658] —Determination of respondent New York State Racing and Wagering Board dated December 7, 1994, which suspended petitioner's harness race horse trainer's license for 180 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Parness, J.], entered February 15, 1995), dismissed, without costs.

Substantial evidence, including, in particular, petitioner's admission that in order to save money, he would regularly bring his horses to races without a groom and thus leave them unattended at times, and at other times would pay hangers-on at the track to take his horses to the urine stall or the paddock to bathe them, supports respondent's determination that by reason of the presumption found in 9 NYCRR 4043.4, also known as the "trainer's responsibility rule", petitioner was responsible for the administration of dezocine, a potentially dangerous and unapproved drug, the use of which respondent strictly prohibits, to three of his horses within a week prior to the start of their respective races, in violation of 9 NYCRR 4120.2 (e) (*see*, *Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688). The penalty of three consecutive 60-day suspensions does not shock the conscience, and, contrary to petitioner's contention, is not inconsistent with other penalties imposed by respondent for different drug violations. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.