[641 NYS2d 449]

In the Matter of DAWN JOY FASHIONS, INC., Petitioner, v COM-
MISSIONER OF LABOR OF THE STATE OF NEW YORK et al.,
Respondents.

Third Department, April 25, 1996

### APPEARANCES OF COUNSEL

*Uncyk, Borenkind & Nadler,* New York City *(Eli Uncyk* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* New York City *(Claire O'Keefe* of counsel), for respondents.

### OPINION OF THE COURT

MIKOLL, J. P.

Petitioner, a large garment manufacturer in New York City at the times herein mentioned, contracted with from 25 to 50 fabrication contractors to fabricate its garments, depending on the season. The incidents which are the subject of this proceeding concerned homework performed by employees of two of those contractors, Kaz Fashions, Inc. and Grand Center Fashions, Inc. On November 13, 1989, investigators of the Department of Labor on patrol in the garment district observed a woman approach Kaz Fashions' premises carrying a shopping bag containing 400 epaulets she had taken from her employer's premises and worked on at home. On April 12, 1991, investigators from the Department observed an employee of Grand Center also with garments from her employer that she fabricated at home. Both instances involved prohibited homework without first obtaining a permit (*see,* Labor Law § 350 [2] [b], [e]; § 354-a).

Respondent Commissioner of Labor found that petitioner violated Labor Law § 352 (1) and § 354-a and fined it $1,500 and $1,000, respectively, for the violations. Petitioner filed administrative appeals of each determination to respondent Industrial Board of Appeals (hereinafter the IBA). Upon review, the IBA found that the employees performed the homework without the knowledge or consent of their respective employers, that as a matter of policy petitioner and the two fabrication contractors did not permit homework and that the contractors were aware that petitioner did not allow such homework. The IBA also found that petitioner gave written notice to its fabrication contractors advising that homework was not allowed and that petitioner routinely inspected its

contractors' factory operations. Despite these findings, the IBA held that petitioner was strictly liable for assuring that its materials were not introduced into homework, either directly or indirectly, and that petitioner failed to take certain suggested minimum steps to prevent homework. The IBA, accordingly, denied petitioner's challenges and affirmed the fines. Petitioner then commenced the instant CPLR article 78 proceeding to review the IBA determination, which Supreme Court transferred to this Court.

The determination of the IBA should be annulled, the petition granted, and the respective orders assessing civil penalties and directing compliance should be vacated.

Petitioner's argument that Labor Law article 13 does not impose upon a garment manufacturer strict liability to assure that the manufacturer's materials will not be introduced into industrial homework, directly or indirectly, is persuasive. While Labor Law article 13 places strict controls and limits on homework (*see*, Labor Law § 350 [1]; § 351 [1]; § 354-a), phrases such as "any materials to be manufactured" (Labor law § 350 [2] [b]), "furnished by an employer" "to be returned" (Labor Law § 350 [2] [e], [f]), "delivers to * * * materials to be manufactured" (Labor Law § 350 [2] [h]), "delivering or causing to be delivered * * * for manufacture by industrial homework" (Labor Law § 352 [1]) and "give out any material or articles for homework" (Labor Law § 354-a) indicate some intent is required. Although the article was enacted for the safety of workers, such language does not clearly impose a flat and unvarying duty upon a manufacturer to absolutely enforce the statutory prohibition against the employees of contractors (*see, Van Gaasbeck v Webatuck Cent. School Dist. No. 1*, 21 NY2d 239, 243-244; *Major v Waverly & Ogden*, 7 NY2d 332, 335; *Juarez v Wavecrest Mgt. Team*, 212 AD2d 38).

Respondents concede that the statutory standard is not absolute liability but, nevertheless urge that when manufacturers fail to make reasonable efforts to prevent their materials from being introduced into industrial homework, Labor Law article 13 imposes a statutory liability to do so. Respondents suggest what actions constitute reasonable efforts to satisfy that obligation. However, as the suggested reasonable efforts have never been formally promulgated and the IBA determination clearly indicates that such efforts primarily apply to the reasonableness of the penalty to be imposed, respondents' determination must still be annulled.

Petitioner's argument that the determination is not supported by substantial evidence is meritorious. Absent strict li-

ability, a homeworker's possession of petitioner's product is insufficient to establish violations of Labor Law § 352 (1) or § 354-a. The evidence established and the IBA found that the employees who did the homework did so without the knowledge or consent of their employers and that the homework was against the policies of the fabrication contractors and petitioner. Thus, the homework occurred without any intent or knowledge attributable to petitioner and any presumption arising from the fact that material found its way into industrial homework was rebutted (*see, Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688; *Juarez v Wavecrest Mgt. Team, supra*). Further, there is no evidence of any acts or inaction on the part of petitioner that would imply a disregard of established standards or reasonable conduct designed to prevent homework (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-180).

Moreover, critical elements of the statutory provisions were not established. The IBA's determination found that petitioner did not deliver or cause to be delivered to another person any material "for" manufacture by industrial homework (Labor Law § 352 [1]) and did not give out materials or articles "for" homework through any homework contractor or distributor (Labor Law § 354-a). Moreover, it was not established that the fabrication contractors were " '[h]omework contractor[s] or distributor[s]' " as defined by Labor Law § 350 (2) (h) since the material was not "deliver[ed]" to be manufactured in a home.

MERCURE, CREW III, YESAWICH JR. and PETERS, JJ., concur.

Adjudged that the determination is annulled, with costs, petition granted and orders to comply and assessing civil penalties vacated.