OPINION OF THE COURT
 

 Ciparick, J.
 

 On this appeal, we consider the proof required to establish that a garment manufacturer violated the Labor Law by causing the delivery of materials for unauthorized industrial homework
 
 (see,
 
 Labor Law § 352 [1]). We agree with the Appellate Division that the rebuttable strict liability standard advanced by the Department of Labor is unsupported by the governing statute, and we conclude that the statute requires a showing that the manufacturer intended or permitted its materials to be used in industrial homework. We also agree with the Appellate Division that, on this record, no substantial evidence exists to sustain the Department’s findings that petitioner violated Labor Law § 352 (1).
 

 I.
 

 Industrial homework, governed by article 13 of the Labor Law, is defined as "the manufacturing in a home, in whole or in part, with or of material which has been furnished by an employer, of any article or articles to be returned to the said employer, or to be delivered, mailed, or shipped to others” (Labor Law § 350 [2] [e]). Based on the legislative finding that
 
 *105
 
 "wages are notoriously low[ ]” in industrial homework and that the "working conditions endanger the health of the worker,” the Legislature declared that the "public interest” requires "strict control and gradual elimination of industrial homework” (Labor Law § 350 [1]).
 

 To facilitate governmental monitoring of industrial homework, an employer must secure a permit before it delivers or causes to be delivered any materials for manufacturing by industrial homework (Labor Law § 352 [1]). In addition, any individual desiring to perform industrial homework must first obtain a homeworker’s certificate (Labor Law § 354 [5]). A violation of any provision of article 13 will result in the imposition of a civil penalty not exceeding $3,000 per infraction (Labor Law § 361-b [1]). In determining the amount of the penalty, the Commissioner of Labor is directed to consider the gravity of the violation, the size of the employer’s business, a history of prior violations, the good faith of the employer, and the adequacy of the employer’s record-keeping procedures
 
 (see, id.).
 

 Petitioner Dawn Joy Fashions is a large garment manufacturer in New York City. Dawn Joy uses more than 25 contractors in its garment manufacturing, including Kaz Fashions and Grand Center Fashion. On separate occasions, investigators from the Department of Labor observed an employee of Kaz and an employee of Grand Center outside of their places of employment with homework consisting of materials belonging to Dawn Joy. Following a compliance conference concerning the Grand Center incident and a scheduled conference concerning the Kaz Fashions incident which Dawn Joy did not attend, the Commissioner issued separate orders finding Dawn Joy in violation of Labor Law § 352 (1) and § 354-a for causing materials to be delivered for industrial homework and imposing civil penalties of $1,000 and $1,500 for the two violations. Dawn Joy appealed both orders to the Industrial Board of Appeals. After an administrative hearing, the Board noted:
 

 "We * * * continue to affirm the reasonableness of [the Commissioner’s] position that Labor Law Article 13 impose[s] a strict liability upon a garment manufacturer or contractor to assure that [its] materials will not be introduced into homework, either directly or indirectly. In the case of the manufacturer, we have held that such liability by its nature includes a responsibility to know and ascertain the methods being used to manufacture
 
 *106
 
 the end product, as well as, undertaking prudent measures to aid in assuring that the statutory-purpose and provisions are not violated.”
 

 Though recognizing that Dawn Joy, "as a matter of course, issues an initial written notice to contractors advising that homework is not allowed and * * * conducts routine quality control inspections of the contractors’ factory operation,” the Board found that "beyond such actions, there is no credible evidence presented that Petitioner has attempted to assure that its material will not be introduced into industrial homework.” The Board stated that "[w]ithout attempting to .specify all of the actions that must be taken by the manufacturer, we conclude that [certain] steps are certainly the minimum that may be reasonably required of the manufacturer.” These "minimum steps” include:
 

 "1. An agreement between the parties prohibiting homework, with routine follow-up inspections and notices to enforce the agreement.
 

 "2. The posting of 'no homework’ signs on the contractors’ premises.
 

 "3. 'No homework’ stamps on the cutting tickets.
 

 "4. Requiring that inspections and security be performed by the contractor to assure that material does not improperly leave the factory premises.”
 

 Finding that Dawn Joy had not undertaken all of these "minimum steps,” the Board affirmed the monetary penalties imposed by the Commissioner on Dawn Joy.
 

 Dawn Joy then instituted this CPLR article 78 proceeding. On transfer to the Appellate Division, the Court overturned the Board’s determinations, concluding that the Board improperly interpreted the statute as imposing "strict liability” on a manufacturer whose materials are used in industrial homework, rebuttable only upon a showing that the manufacturer took the specified minimum steps (218 AD2d 447, 449). The Court held that the Commissioner failed to adduce substantial evidence demonstrating that Dawn Joy intended or knew that its materials would be used in industrial homework and therefore failed to establish violations of the Labor Law. We granted the Commissioner leave to appeal to this Court and now affirm.
 

 
 *107
 
 II.
 

 Although the Board stated that article 13 of the Labor Law imposes "strict liability” on manufacturers whose materials find their way into unauthorized homework, the standard applied by the Board is more accurately described as one of rebuttable strict liability: under the Board’s interpretation of the statute, a manufacturer is strictly liable once an employee is found to have performed homework without a permit, unless the manufacturer affirmatively establishes that it took the "minimum steps” specified by the Board. We agree with the Appellate Division’s conclusion that this rebuttable strict liability standard is not supported by the statute.
 

 Analysis of the statutory standard of liability must begin, of course, with the statutory language. Dawn Joy was charged with violating the Labor Law by "delivering or causing to be delivered” material to the employees "/or manufacture by industrial homework” without first securing a homework permit (Labor Law § 352 [1] [emphasis added]).
 
 *
 
 The key statutory term is "for,” which in this context is plainly "used as a function word to indicate purpose [or] an intended goal” (Merriam-Webster’s Collegiate Dictionary 454 [10th ed]). To establish a violation of the statutory prohibition, the statute unambiguously requires a showing that the manufacturer caused the delivery of material "for” the purpose of homework, which, as the Appellate Division concluded, presupposes "some intent” or at least acquiescence on the part of the manufacturer that its material will be used in homework.
 

 Our interpretation of the statute, however, does not mean that liability may only be imposed when a manufacturer explicitly directs its contractor to use homework. For example, a manufacturer’s failure to take any reasonable steps to prevent homework might be deemed a tacit approval of the illegal practice sufficient to establish that the material was "delivered] or caus[ed] to be delivered * * * for manufacture by industrial homework” in contravention of the statutory prohibition. The application of the statute under such circumstances, based on the Labor Department’s specialized knowledge of the apparel industry, would implicate the agency’s
 
 *108
 
 expertise and would be entitled to judicial deference
 
 (see, Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459).
 

 The Board’s rebuttable strict liability standard, by contrast, is not anchored in the plain statutory language and is therefore not entitled to deference
 
 (see, e.g., Matter of Gruber [New York City Dept. of Personnel
 
 — Sweeney], 89 NY2d 225, 232-233;
 
 Matter of SIN, Inc. v Department of Fin.,
 
 71 NY2d 616, 621). Specifically, the Board’s "minimum steps” standard does not require the Commissioner to demonstrate any nexus between the manufacturer’s actions or inaction and the performance of illegal homework, and thereby transforms the statute by negating the required showing of intent or knowledge on the manufacturer’s part. As long as homework is shown to have occurred and the manufacturer has failed to take the particular specified steps, the manufacturer will be held liable, no matter how unequivocal its disapproval of the practice and no matter how compelling its evidence that the specified minimum steps would not have prevented the homework.
 

 Applying the proper statutory standard to this case, we agree with the Appellate Division that the Board’s determination that Dawn Joy violated Labor Law § 352 (1) is unsupported by substantial evidence. The undisputed findings of fact establish that Dawn Joy placed its contractors on notice of its no-homework policy and did not have actual knowledge of the two instances of homework at issue. Moreover, there is no allegation that Dawn Joy turned a blind eye or in any other way encouraged the illegal homework. To the contrary, the Appellate Division adopted the Board’s findings in each instance that "the contractor’s employee did the work at home without the knowledge or consent of the contractor. The contractor’s policy was not to permit or allow homework and it was aware and knew that homework was not allowed by [Dawn Joy].” Furthermore, in addition to having circulated a letter to its contractors reminding them of the prohibition against industrial homework, Dawn Joy stamped an explicit "No Homework” admonition on the cutting tickets distributed to Grand Center. The record is therefore devoid of substantial evidence that Dawn Joy transgressed the statutory prohibition against "delivering or causing to be delivered” material to the employees "for manufacture by industrial homework.”
 

 We note that the suggested "minimum steps” might properly be considered by the Department as relevant factors in determining whether a manufacturer has caused materials to be delivered for homework. However, the Board cannot under
 
 *109
 
 the guise of statutory interpretation impose these specific obligations on manufacturers as preconditions to their avoiding liability. If the Commissioner determines that these obligations should be uniformly imposed, the Commissioner is empowered to invoke his rule-making authority and formally promulgate new regulations
 
 (see,
 
 Labor Law § 362 ["Rules and regulations necessary to carry out the provisions of this article shall be made by the commissioner”];
 
 see generally,
 
 State Administrative Procedure Act § 201
 
 et seq.).
 

 Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Judgment affirmed, with costs.
 

 *
 

 On appeal, the Commissioner abandons any reliance on Labor Law § 354-a because, as the Commissioner explains, that section only concerns how materials are to be distributed in situations where homework is authorized pursuant to an employer’s permit. Because none of the employers in this case had a permit, the section is inapplicable.