■ In the Matter of JUAN SEREY, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [750 NYS2d 881] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Racing and Wagering Board, dated March 29, 2001, which, after a hearing, found that the petitioner, a trainer of thoroughbred horses, committed two violations of 9 NYCRR 4043.2 (f) and 9 NYCRR 4043.4 by administering the drug ergonovine to two horses he trained, and imposed two concurrent 90-day suspensions from racing and a $2,000 fine.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The respondent's determination that by reason of the presumption found in the so-called "trainer's responsibility" rule (9 NYCRR 4043.4), the petitioner was responsible for the

presence of the restricted substance ergonovine in two of his horses within a week before the start of their respective races in violation of 9 NYCRR 4043.2 (f), was not arbitrary or capricious and was supported by substantial evidence (*see Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688; *Matter of Casse v New York State Racing & Wagering Bd.*, 70 NY2d 589). Moreover, the penalty imposed does not shock the conscience, and is not inconsistent with other penalties imposed by the respondent for similar drug violations (*see Matter of Mosher v New York State Racing & Wagering Bd., supra*; *DeBonis v Corbisiero*, 178 AD2d 183).

The petitioner's remaining contentions are without merit. Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.