■ In the Matter of MARC MOSHER, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, DIVISION OF HARNESS RACING, Respondent. [779 NYS2d 281]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which suspended petitioner's harness racing license in New York for 30 days.

Petitioner, a harness racing driver, commenced this CPLR article 78 proceeding challenging respondent's imposition of a 30-day suspension of his license for driving with indifference or lack of effort in violation of 9 NYCRR 4117.4 (p). The charges stem from a race at Monticello Raceway in Sullivan County on March 25, 2001 while petitioner was driving the horse Royal Machine.

The record reveals that prior to the race, the horse R.G. Hy Kutake was the favorite and Royal Machine was the second favorite. Royal Machine finished fourth and R.G. Hy Kutake finished eighth. Following the race, Edward Ditewig, the presiding judge at Monticello, became suspicious of petitioner's performance, as well as that of the driver of R.G. Hy Kutake, and sent the track's veterinarian to the paddock to inspect the horses. The veterinarian reported that both horses appeared sound. In furtherance of his investigation, Ditewig discovered an unusual betting pattern in that several bets had been placed in the paddock area just prior to the race, which correctly picked the top three finishers of the race, two of which had very long odds. After interviewing petitioner and the other drivers and watching tapes of the race—which revealed that petitioner was slow out of the gate, had a chance to pass a horse in front of him but failed to take it, left unreasonably large gaps in front of him and failed to make a drive in the stretch by whipping or otherwise encouraging his horse—Ditewig, along with two associate judges, issued the 30-day suspension of petitioner's harness racing license. We find this to constitute substantial evidence sufficient to support respondent's determination. Finding no merit to petitioner's assertion that the Hearing Officer was biased, respondent's determination is confirmed.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.