■ In the Matter of RICHARD E. DUTROW, JR., Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [795 NYS2d 106]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found that petitioner had administered mepivacaine to a horse within seven days of a race.

On April 27, 2003, Farmer Jake, a thoroughbred trained by petitioner, finished third in the sixth race at Aqueduct Racetrack in Queens County. Following the race, a routine blood and urine sample taken from Farmer Jake revealed the presence of 3-hydroxymepivacaine, a metabolite of the anesthetic mepivacaine, a substance not permitted to be administered to a horse within seven days of a race (see 9 NYCRR 4043.1 [h]; 4043.2 [f]). As a consequence, respondent's racing steward conducted a hearing, at the conclusion of which the steward found petitioner responsible for permitting Farmer Jake to race while having received the prohibited substance within seven days of the race (see 9 NYCRR 4043.4), suspended petitioner for 45 days and fined him $3,000. Petitioner appealed and, after a hearing, respondent affirmed the findings and penalties of the steward. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination, which proceeding has been transferred to this Court pursuant to CPLR 7804 (g).

We confirm. George Maylin, an associate professor of toxicology at the State College of Veterinary Medicine at Cornell University, opined that Farmer Jake was administered a clinical dose of mepivacaine during the seven-day period prior to the race. That testimony, together with other evidence that Farmer Jake had not received the anesthetic prior to being shipped to Aqueduct, provided substantial evidence that the illegal substance was administered within the seven-day period prior to the race, thus raising a rebuttable presumption of petitioner's responsibility (see Matter of Zito v New York State Racing & Wagering Bd., 300 AD2d 805, 806 [2002], lv denied 100 NY2d

502 [2003]; *see also* 9 NYCRR 4043.4). Petitioner's proffered rebuttal evidence consisted of the testimony of Steven Barker, a professor at Louisiana State University and the state chemist to the Louisiana State Racing Commission. In this regard, we need note only that it was within respondent's discretion to evaluate the conflicting testimony of these two experts and to credit the opinion of one over the other (*see Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810, 811 [1997]). We have considered petitioner's remaining arguments and find them equally unavailing.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.