█ In the Matter of JOSEPH GUARINO, Petitioner, v NEW YORK STATE RACING & WAGERING BOARD, Respondent. [845 NYS2d 858]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which revoked petitioner's license as a trainer of harness racehorses.

Petitioner is a licensed driver and trainer of harness racehorses. After Twin B Brisco, a horse trained by petitioner, won a race at Yonkers Raceway, the horse's blood and urine tested positive for the metabolites of mepivicaine, a drug which may not be administered within seven days of a race (*see* 9 NYCRR former 4120.2 [f], now codified at 9 NYCRR 4120.2 [h]). Less than a year later, the urine of Passin in the Rain, another horse trained by petitioner, tested positive for the same drug following a race at the same track. Respondent issued petitioner notices of suspension for each positive test. Petitioner filed an administrative appeal for each notice.

Following a consolidated hearing, the Hearing Officer found that petitioner violated respondent's rules by permitting administration of a restricted substance to each horse within prohibited time periods. Respondent adopted the Hearing Officer's findings and imposed a fine of $2,000 and an aggregate suspension of 120 days. A few days later, respondent issued an amended order which increased the penalty to a revocation of petitioner's license, making him ineligible to reapply for at least

nine months. Petitioner commenced this proceeding challenging the amended order, which proceeding has been transferred to this Court. We confirm.

The Hearing Officer did not abuse his discretion in limiting the testimony of petitioner's witnesses. Administrative hearing officers are not required to follow traditional rules of evidence, as long as the rules they employ are fair and do not prejudice any party (*see Matter of Flynn v Hevesi*, 308 AD2d 674, 676 [2003], *lv denied* 1 NY3d 504 [2003]). Here, the Hearing Officer reasonably sustained objections to the lack of relevancy or foundation for testimony regarding punishment of other trainers, positive drug tests of other horses, the track veterinarian's treatment of other horses and the veterinarian's alleged problems.

Respondent's determination was supported by substantial evidence. The "trainer's responsibility rule" places a strict responsibility upon trainers to ensure that horses in their care do not receive prohibited substances within specified time periods (*see* 9 NYCRR 4120.4; *Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688, 690 [1989]; *Matter of Casse v New York State Racing & Wagering Bd.*, 70 NY2d 589, 594 [1987]). The rule creates a presumption of trainer liability when a horse tests positive, which can be rebutted if the trainer provides substantial evidence that neither the trainer nor any employee or agent is responsible for the drug's presence in the horse's body (*see* 9 NYCRR 4120.4; *Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d at 690; *Matter of Pletcher v New York State Racing & Wagering Bd.*, 35 AD3d 920, 922 [2006], *lv denied* 9 NY3d 802 [2007]). Petitioner concedes that he was the trainer for each horse at issue here and he does not contest the positive drug results, thereby giving rise to the presumption. Respondent did not abuse its discretion in finding that petitioner failed to rebut the presumption. The Hearing Officer and respondent were entitled to assess witness credibility (*see Matter of Pletcher v New York State Racing & Wagering Bd.*, 35 AD3d at 922). They were also able to reject petitioner's theory blaming the track veterinarian for administering mepivicaine, as "[s]peculation will not rebut the presumption" (*Matter of Zito v New York State Racing & Wagering Bd.*, 300 AD2d 805, 807 [2002], *lv denied* 100 NY2d 502 [2003]; *see Matter of Pletcher v New York State Racing & Wagering Bd.*, 35 AD3d at 922). Because the presumption of trainer responsibility was established and petitioner failed to rebut that presumption, respondent properly found that petitioner violated the training rule concerning restricted substances.

Considering petitioner's extensive prior disciplinary history and the serious nature of two incidents where restricted drugs were administered to horses he trained, the penalty of revocation for at least nine months does not shock our sense of fairness (*see Matter of Patistas v New York State Racing & Wagering Bd.*, 1 AD3d 1003, 1004 [2003], *lv denied* 1 NY3d 508 [2004]; *Matter of Zito v New York State Racing & Wagering Bd.*, 300 AD2d at 807-808; *see also Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.