In the Matter of JENNIFER PEDERSEN, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [848 NYS2d 388]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, among other things, suspended petitioner's training license for 60 days.

In this CPLR article 78 proceeding which has been transferred to this Court (*see* CPLR 7804 [g]), petitioner, a licensed horse trainer, challenges respondent's determination that she violated 9 NYCRR 4012.1 resulting in a suspension. Testimony at an administrative hearing established that, in the course of routine random barn searches at various race tracks on March 3, 2005, several vials of injectable drugs used to treat and immunize horses were retrieved from a refrigerator in a room inside petitioner's barn. Because petitioner was not a licensed veterinarian, her possession of these injectable drugs constituted a violation of 9 NYCRR 4012.1 (a) (1) (*see generally Equine Practitioners Assn. v New York State Racing & Wagering Bd.*, 105 AD2d 215, 217 [1984], *mod* 66 NY2d 786 [1985]). While petitioner testified at the hearing that these items belonged to a licensed, full-time veterinarian who worked at the barn, such testimony was contradicted by the testimony of respondent's director of investigations. According to the director, upon questioning this particular veterinarian subsequent to the search, she denied that the substances belonged to her. To this end, we note that petitioner did not produce this veterinarian as a witness at the hearing to support her claim of nonownership.

The investigator's testimony constitutes substantial evidence

to support respondent's determination (*see e.g. Matter of Mosher v New York State Racing & Wagering Bd., Div. of Harness Racing*, 9 AD3d 570, 571 [2004]). Petitioner's testimony in which she denied that the confiscated items actually belonged to her presented a credibility issue for the Hearing Officer to resolve (*see e.g. Matter of Sachs v New York State Racing & Wagering Bd., Div. of Harness Racing*, 1 AD3d 768, 772 [2003], *lv denied* 2 NY3d 706 [2004]; *Matter of Vinci v Corbisiero*, 174 AD2d 893, 895 [1991]). To the extent that the Hearing Officer, in reliance on a precise sequence of hearing testimony, may have mischaracterized petitioner's overall argument concerning the use and control of the room where the drugs were found, we are unpersuaded that any such mischaracterization warrants annulment of respondent's determination.*

We reject each of petitioner's remaining arguments, particularly her constitutional challenge to the subject regulation and her claim that respondent failed to provide her with adequate notice of the charge against her.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* In sum, the Hearing Officer surmised that petitioner was attempting to establish that the subject veterinarian had the *sole* use and control over the room where the drugs were ultimately discovered. While this was not petitioner's precise position, we are compelled to point out that, within the sequence of questions quoted by the Hearing Officer, petitioner did in fact testify that the veterinarian had an office within her barn and that she herself did *not* have a key to this office. While petitioner thereafter testified that the office was in fact a shared space between them, no follow-up questions were posed to clarify her previous response about not having a key.