In the Matter of TIMOTHY CASE, Petitioner, v NEW YORK STATE RACING & WAGERING BOARD, Respondent. [877 NYS2d 526]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which revoked petitioner's license to participate in pari-mutuel racing.

A random blood test in May 2006 on a horse trained by petitioner tested positive for a level of total carbon dioxide (hereinafter TC02) that exceeded the level allowed by the pertinent regulation (*see* 9 NYCRR former 4120.16, now codified at 9 NYCRR 4120.13). Two charges were brought against petitioner; first, that his horse had a TC02 level that violated the controlling regulation and, second, that petitioner's history of rule violations—including multiple drug violations since 2000—revealed that his participation in horse racing was inconsistent with the best interests of horse racing (*see* 9 NYCRR 4119.7 [b]; *see also* Racing, Pari-Mutuel Wagering and Breeding Law § 309 [2]). Following a hearing that included testimony from several experts and other witnesses, the Hearing Officer issued a thorough report finding that both charges had been established and

recommending that petitioner's license be revoked. Respondent adopted the findings of the Hearing Officer, revoked petitioner's license and declared him ineligible to reapply for his license for a period of five years. This proceeding ensued.

We consider first petitioner's argument that the test result obtained for his horse was not reliable because of flawed procedures in the chain of custody and testing. Respondent must make an initial showing that a properly conducted test resulted in a positive finding of a prohibited substance (*see Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688, 690 [1989]; *Matter of Guarino v New York State Racing & Wagering Bd.*, 45 AD3d 1096, 1097 [2007], *lv denied* 10 NY3d 730 [2008]). Here, the testimony of the raceway's supervising inspector (Dana Bogdan) and the pharmacology professor (George Maylin) from Cornell University where the blood sample was tested provided ample proof that the sample was collected, labeled, preserved, transported and tested in compliance with accepted and established procedures. While petitioner produced evidence challenging the reliability of both the methods of gathering blood samples and the testing thereof, this gave rise to credibility issues for the Hearing Officer to resolve (*see Matter of Pedersen v New York State Racing & Wagering Bd.*, 46 AD3d 1072, 1073 [2007]; *Matter of Sachs v New York State Racing & Wagering Bd., Div. of Harness Racing*, 1 AD3d 768, 772 [2003], *lv denied* 2 NY3d 706 [2004]). The Hearing Officer addressed the credibility issues and resolved them in favor of the proof presented by respondent. There is substantial evidence of a properly obtained positive test, which petitioner failed to rebut, and respondent's determination is adequately supported in all respects by the record (*see Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d at 690; *Matter of Zito v New York State Racing & Wagering Bd.*, 300 AD2d 805, 806-807 [2002], *lv denied* 100 NY2d 502 [2003]).

Petitioner's challenge to the severity of the penalty is unavailing. He was charged and found to have violated not only the regulation regarding a horse's TC02 level, but, in light of his ignominious history of drug violations, petitioner was also charged and found to have violated the regulation broadly permitting "the penalties as prescribed by law" for activities inconsistent with the best interests of racing (9 NYCRR 4119.7 [b]). Under the circumstances, "the penalty of revocation of petitioner's license is not 'so disproportionate to the offense as to be shocking to one's sense of fairness' " (*Matter of Leggio v Hogan*, 59 AD3d 967, 968 [2009], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]).

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.