■ In the Matter of CARMINE FUSCO, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [931 NYS2d 439]—

Lahtinen, J.

Petitioner was the trainer of the horse Chevie Pride, and a post-race test of the horse following its win at Yonkers Raceway in December 2006 was positive for the drug Clenbuterol, which is not to be administered within 96 hours of a race. The presiding track judge assessed a fine of $2,500 and suspended petitioner's license to participate in pari-mutuel harness racing for 18 months in October 2007. He pursued an administrative appeal and, at the commencement of the hearing, respondent sought to amend the charges to include additional violations of administering the drugs Robaxin and Naquasone to the horse within 72 hours of races on five separate occasions in late 2006. The amendment was permitted, but the hearing was adjourned until November 2008.

Proof at the subsequent hearing included, among other things, testimony of respondent's investigator and its expert as well as various documents. However, petitioner's objection to respondent's offer of the horse's veterinary records from November 2006 and December 2006 was sustained by the Hearing Officer and, without those records, the Hearing Officer, while recommending upholding the violation and penalty regarding Clenbuterol, further recommended dismissal of the additional charges related to Robaxin and Naquasone. On review, respondent determined that the veterinary records should have been admitted into evidence, and thus remanded the matter to the Hearing Officer to admit those records and receive additional proof with respect thereto. The Hearing Officer admitted the records, but received no other evidence. As a result of the failure to develop the record as previously ordered, respondent directed a further hearing unless the parties stipulated to the nature and pharmacological properties of the pertinent drugs.

The parties did not stipulate and the original Hearing Officer had retired; accordingly, a further hearing was conducted before a new hearing officer in November 2009. The Hearing Officer determined that petitioner had improperly administered Robaxin and Naquasone on five occasions and recommended that, in addition to the penalty for the original violation related to the use of Clenbuterol, petitioner's license be revoked for five years. Respondent adopted the Hearing Officer's report and imposed the recommended penalty. Petitioner then commenced this CPLR article 78 proceeding, which Supreme Court transferred to this Court (see CPLR 7804 [g]).

Petitioner argues that substantial evidence does not support respondent's determination that he violated the rules prohibiting administering Robaxin and Naquasone within 72 hours of a

race since the amounts of such drugs in the horse did not rise to the level of a positive test.* While the trainer's responsibility rule creates a rebuttable presumption when a horse tests positive (*see* 9 NYCRR 4120.4; *Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688, 690 [1989]), the regulation further provides that "[e]very trainer must guard each horse trained by him [or her] in such manner and for such period of time prior to racing the horse so as to prevent any person whether or not employed by or connected with the owner or trainer from administering any drug or other restricted substance to such horse contrary to this Part" (9 NYCRR 4120.4; *see Matter of Shuman v New York State Racing & Wagering Bd.*, 40 AD3d 385, 386 [2007]). Here, the lab tests showed the presence of the two drugs in the horse, but not in an amount sufficient to constitute a positive result. However, the veterinary records reflected that, within 72 hours of each of the five subject races, the horse had been administered Robaxin and Naquasone. Respondent's expert, George Maylin, explained the procedure of "titrating" whereby smaller doses of drugs are given in combination close to race time to enhance the horse's performance without triggering a positive test result. The lab tests showing the presence of low amounts of the two drugs, together with the veterinary records, provided substantial evidence that such procedure was repeatedly used with regard to this horse.

Petitioner contends that respondent violated its own rules when it remanded the matter to the Hearing Officer for additional proof. We have previously held that respondent "has the power to take additional evidence before a final determination of issues," and that it is not error to "reopen[ ] [a] hearing for the purpose of further fleshing out the facts" (*Matter of Vinci v Corbisiero*, 174 AD2d 893, 894 [1991]). Respondent's action provided for further development of facts and was not an order in violation of 9 NYCRR 5402.8 (c), which prohibits respondent from directing that the Hearing Officer make a specific finding of fact or conclusion of law. We are unpersuaded by petitioner's contention that respondent violated its own rules, and by his further assertion that he was denied a fair and impartial hearing.

Next, we consider petitioner's assertion that it was error for respondent to receive the veterinary records into evidence. Hearsay evidence is admissible into evidence at administrative hearings and may, under appropriate circumstances, constitute substantial evidence (*see Matter of D'Souza v New York State*

---

* Petitioner does not contest the finding as to Clenbuterol and challenges only the penalty imposed for such violation.

*Dept. of Health*, 68 AD3d 1562, 1563-1564 [2009]; *Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1261 [2009]; *Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]). The veterinary records were obtained by respondent's investigator based upon information provided by petitioner to the investigator about the horse's veterinarian, and petitioner did not assert that those records failed to accurately reflect the horse's treatment. Under the circumstances, we find unavailing petitioner's challenge to the veterinary records (*see Matter of Shuman v New York State Racing & Wagering Bd.*, 40 AD3d at 388).

While the penalty is severe, petitioner has a history of horse drugging violations—including eight prior violations—and, under such circumstances, the penalty is "not so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Czermann v New York State Racing & Wagering Bd.*, 68 AD3d 1580, 1583 [2009], *lv denied* 14 NY3d 709 [2010] [internal quotation marks and citation omitted]).

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.