■ In the Matter of RICHARD E. DUTROW, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [949 NYS2d 241]—

Mercure, J.P.

Respondent prohibits licensed horse trainers, such as

petitioner, from possessing hypodermic needles at race tracks (*see* 9 NYCRR 4012.1 [a]) and, during a November 2010 search, investigators found three syringes in petitioner's desk at the Aqueduct Racetrack. Although the administration of the drug butorphanol to horses within 96 hours of racing is also prohibited (*see* 9 NYCRR 4043.2 [g]), Fastus Cactus, a horse that was trained by petitioner, tested positive for the drug after racing at Aqueduct. Petitioner was found, by the state racing steward, to have violated both rules and his license was suspended for a total of 90 days, prompting his administrative appeal to respondent.

By order to show cause, respondent then sought to suspend or revoke petitioner's license and exclude him from New York racetracks due to the foregoing violations, the presence of the drug xylazine in the unlabeled syringes (*see* 9 NYCRR 4012.1 [c]), and the inadvisability of his continued involvement in horse racing given his history of rule violations and improper conduct (*see* Racing, Pari-Mutuel Wagering and Breeding Law § 220 [2]; 9 NYCRR 4002.9 [a]; 4003.46). A Hearing Officer sustained the charges in their entirety and recommended that petitioner permanently lose his license and be fined a total of $50,000. Respondent adopted the Hearing Officer's findings of fact and conclusions of law, although it permitted petitioner to reapply for a new license after 10 years. Petitioner thereafter commenced this CPLR article 78 proceeding, and Supreme Court transferred the matter to this Court and stayed respondent's determination.

Initially, we reject petitioner's claim that he was deprived of a fair hearing by the refusal of respondent's chair, John Sabini, to recuse himself. Sabini was an unpaid officer for the Association of Racing Commissioners International, an organization devoted to maintaining a multijurisdictional database of licensed horse racing professionals' disciplinary histories. Sabini had no prior official involvement with, and made no appearance in, petitioner's case stemming from that role (*cf. Matter of Beer Garden v New York State Liq. Auth.*, 79 NY2d 266, 278-279 [1992]), but the association's president informed Sabini that a United States Senator's office had inquired about the case; the president also publicly urged respondent to assess petitioner's "suitability to continue his participation in racing." Petitioner's bare allegation that those communications led to bias is insufficient absent "a factual demonstration to support the allegation . . . and proof that the outcome flowed from it" (*Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *see Matter of Yoonessi v*

*State Bd. for Professional Med. Conduct*, 2 AD3d 1070, 1071 [2003], *lv denied* 3 NY3d 607 [2004]). Sabini was not bound to follow any suggestions made by the association or its president, and the record is devoid of evidence that he took any action based upon the communications or otherwise "gave the impression that [he] had prejudged the facts" (*Matter of Beer Garden v New York State Liq. Auth.*, 79 NY2d at 278; *see Matter of Kole v New York State Educ. Dept.*, 291 AD2d 683, 686 [2002]; *cf. Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 161-162 [1990]). Inasmuch as petitioner thus failed "to rebut the presumption of honesty and integrity accorded to administrative bodies" (*Matter of Kole v New York State Educ. Dept.*, 291 AD2d at 686), it cannot be said that he was denied a fair hearing.

Turning to the charges themselves, substantial evidence—in the form of the positive test, the horse's veterinary records, and the testimony of veterinarian and pharmacologist George Maylin—supports respondent's determination that Fastus Cactus received a dose of butorphanol less than 96 hours before racing (*see Matter of Dutrow v New York State Racing & Wagering Bd.*, 18 AD3d 947, 947 [2005]). A rebuttable presumption of petitioner's responsibility thus arose, which he attempted to rebut with expert testimony that the sample had not been tested to eliminate the possibility of cross contamination (*see Matter of Mosher v New York State Racing & Wagering Bd.*, 74 NY2d 688, 690 [1989]; *see* 9 NYCRR 4043.4). Respondent credited Maylin's testimony that Fastus Cactus had been administered butorphanol and, in our view, properly rejected the speculative testimony of petitioner's expert regarding possible alternative explanations for the positive test as insufficient to rebut the presumption (*see Matter of Pletcher v New York State Racing & Wagering Bd.*, 35 AD3d 920, 922 [2006], *lv denied* 9 NY3d 802 [2007]; *Matter of Zito v New York State Racing & Wagering Bd.*, 300 AD2d 805, 806-807 [2002], *lv denied* 100 NY2d 502 [2003]).

As for the remaining charges, unlabeled syringes containing xylazine were recovered from petitioner's desk at Aqueduct, and the chain of custody of those syringes was appropriately established through the testimony of the individuals who handled them (*see Matter of Spano v New York State Racing & Wagering Bd.*, 72 AD3d 404, 405 [2010], *lv denied* 16 NY3d 709 [2011]; *Matter of Case v New York State Racing & Wagering Bd.*, 61 AD3d 1313, 1314 [2009], *lv denied* 13 NY3d 705 [2009]). Further, while respondent previously renewed petitioner's license despite his prior disciplinary history, it properly relied upon that history in tandem with the instant violations to

determine that petitioner engaged in conduct that was improper and inconsistent with the public interest and best interests of racing (*see* 9 NYCRR 4002.9, 4003.46).

Finally, we conclude that the revocation of petitioner's license for a period of at least 10 years and the imposition of a fine was not so disproportionate to his proven, recurrent misconduct as to shock one's sense of fairness (*see Matter of Fusco v New York State Racing & Wagering Bd.*, 88 AD3d 1240, 1243 [2011], *lv denied* 18 NY3d 809 [2012]). Petitioner's assertion that aspects of the regulatory scheme are unconstitutionally vague is unpreserved for our review (*see Matter of McCollum v Fischer*, 61 AD3d 1194, 1194 [2009], *lv denied* 13 NY3d 703 [2009]), and his remaining argument has been considered and found to lack merit.

Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.