■ In the Matter of MARK D. BECKWITH, Petitioner, v JOHN D. SABINI et al., Constituting the New York State Racing and Wagering Board, Respondents. [962 NYS2d 809]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondents which, among other things, suspended petitioner's license to participate in harness racing for a period of 45 days.

Petitioner is a professional harness racehorse driver and trainer, licensed by the Racing and Wagering Board. During an April 2011 harness race at Saratoga Gaming and Raceway, the presiding track judge, Ritch Gregory, observed petitioner's foot make contact several times with the left hindquarter of Paradise Willie, the horse that he was driving. In June 2011, Gregory issued a notice of violation to petitioner, fining him $1,500 and suspending his license for 45 days. A hearing followed, after which the Hearing Officer determined that petitioner committed a kicking violation and recommended that the Board affirm the penalty imposed by Gregory. The Board adopted the Hearing Officer's findings, and affirmed the penalty, prompting this CPLR article 78 proceeding.

We confirm. The Board's determination finding a kicking violation is supported by substantial evidence, including the testimony of Gregory that he observed petitioner take his foot off the stirrup and make contact with the horse in an attempt to prompt it, and a video recording of the race that confirms Gregory's testimony (*see Matter of Mosher v New York State Racing & Wagering Bd., Div. of Harness Racing*, 9 AD3d 570, 571 [2004]; *Matter of Crawford v New York State Racing & Wagering Bd.*, 150 AD2d 850, 851 [1989], *appeal dismissed* 74 NY2d 841 [1989]). Gregory stated that he found petitioner's explanation—that the horse had been "hooked in too close" to the race bike—to be unconvincing because he observed petitioner's foot out of the stirrup only while he was challenging for the lead. Further, Gregory indicated that while petitioner claimed that bruising on his leg was related to the horse having been

hooked in too close, the judges had no way of knowing whether the bruises were related to the race at issue or were sustained in some other way. Another judge further testified that he observed petitioner with his foot making contact with the horse's left hind quarter, and explained that petitioner did not "kick" the horse as that term would normally be understood, but that the Board considers the type of contact with the horse observed here to be illegal. While petitioner presented evidence to support a different explanation of events during the race and claimed that the bruising on his leg was related to the race, the testimony that he offered in that regard presented a credibility issue for the Hearing Officer to resolve (*see Matter of Pedersen v New York State Racing & Wagering Bd.*, 46 AD3d 1072, 1073 [2007]; *Matter of Sachs v New York State Racing & Wagering Bd., Div. of Harness Racing*, 1 AD3d 768, 772 [2003], *lv denied* 2 NY3d 706 [2004]).

Finally, given petitioner's history of prior violations—including 66 violations based specifically on kicking—and his admission that kicking has been a "bad habit" for him in the past, "the penalty is not so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Fusco v New York State Racing & Wagering Bd.*, 88 AD3d 1240, 1243 [2011], *lv denied* 18 NY3d 809 [2012] [internal quotation marks and citations omitted]; *see Matter of Case v New York State Racing & Wagering Bd.*, 61 AD3d 1313, 1314 [2009], *lv denied* 13 NY3d 705 [2009]).

Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.